Joseph P. Phillips, plaintiff in error, vs. The State of Georgia, defendant in error.

[1.] On the trial of a person charged with burning a jail, the citizens of the county, are competent for jurors.

[2.] When the Sheriff or his deputy are disqualified to summon a jury, the Court may order any disinterested person to summon one.

[3.] Hearsay is not admissible against a party, unless he assents to it.

[4.] When a house is consumed by fire and nothing appears but that fact, the law rather implies, that the fire was the result of accident, or some providential cause, than of a criminal design.

Arson, in Calhoun Superior Court. Tried before Judge Allen, May Term, 1859.

The plaintiff in error was indicted for arson, in burning the jail of Calhoun county.

A panel of jurors was put upon the prisoner, to which he objected on the ground, that said panel was composed of citizens of Calhoun county, tax payers thereof, and the crime for which he was to be tried being for setting fire to the jail belonging to said county. The Court overruled the objection, and defendant excepted.

Another panel was put upon the prisoner, the first being exhausted, to which prisoner objected, on the ground that a large portion of this second panel, were jurors who had been on the first panel and discharged ; and further, that they had been summoned by the Bailiff and not by the Coroner. The Court overruled the objection, and prisoner excepted.

The prisoner objected to each of said jurors, as they came to be sworn. The Court overruled the objection, and prisoner excepted.

A jury being empanelled, the State introduced the jailor, *Foster*, who, after being sworn, stated, amongst other things, that on the night of the fire, when he went to the jail, and as he ran to relieve the prisoners from the danger they were in, he hallowed out to the defendant, "you rascal, you have

set fire to the jail and you will burn up in it;" but did not know whether the prisoner heard him or not, or whether he made any answer, as he did not wait to hear. Counsel for prisoner objected to the sayings of the jailor being given in evidence. The Court overruled the objection, and counsel for prisoner excepted.

The counsel for the State then asked the witness why he thought the prisoner burnt the jail, and counsel for prisoner objected to the question. The Court overruled the objection, and allowed the question to be put, and the witness to go on, and give his reason and opinions. To all of which, counsel for prisoner excepted.

The case being closed, counsel for prisoner requested the Court in writing to charge among other charges, as follows, to-wit:

1st. That the proof of circumstances however numerous, of a tendency however strong or conclusive to establish guilt, avails nothing, unless the facts that the crime has been actually perpetrated be first established.

2d. That the fact that the crime has been actually committed by some one, must be proved by positive and direct evidence, and in such a manner that there is not the least doubt as to the act, for as long as there exists the slightest doubt as to the act, there can be no certainty as to the agent. The Court charged these two requests, with the following qualifications to each charge: That if the jury believed from the evidence that the jail was burnt, and it did not appear from the evidence, that it was burnt from some accidental or providential cause, then the law implied, that it was burnt by some one.

To which charge and refusal to charge as requested, counsel for prisoner excepted. The jury returned a verdict of guilty. Whereupon counsel for prisoner during the said Term, and before the adjournment thereof, moved for a new

trial in the said case, on the grounds of error in the rulings, and charges and refusals to charge, as above excepted to, and on the following additional grounds, viz:

That the verdict of the jury was contrary to law.

That the verdict of the jury was contrary to evidence and without evidence. Which motion was overruled by the Court, and counsel for defendant excepted.

Morgan, for plaintiff in error.

Sol. Gen.; and Oglesby, *contra.*

*By the Court.*—Benning J. delivering the opinion.

[1.] The jurors were not interested in the event of the suit. How could they be gainers or losers, by the conviction or acquittal, of Phillips. In either event they would as citizens of the county, have to contribute the same money to the building of a new jail.

If there was a challenge to the array, on the ground, that the Sheriff was the prosecutor, and that challenge was sustained, and the jurymen were discharged, it is doubtless true, that none of them was a competent person, to sit in the case. But, it is not clear from the bill of exceptions, that these things were so. Therefore, we pass the first ground stated and relied on, to the second objection.

The second ground was, that the second panel was summoned by the Bailiff, instead of by the Coroner.

[2.] The Bailiff was ordered to do this service, by the Court; and power to make the order, was in the Court. The Act, (Judiciary) of 1799,) says; "when the Sheriff or his deputy are disqualified," "jurors shall be summoned by the Coroner, or such other disinterested person, as the Court may appoint." *Pr. Dig.* 430.

We find no error, therefore, in the Court's ordering the Bailiff to summon the talesmen.

So much for the first two exceptions.

What the witness, Foster said, as he ran to the jail, was mere hearsay, unless it was assented to by Phillips. And there was no evidence that Phillips assented to it, none, even, that he heard it.

[3.] We think, therefore, that the Court erred in receiving as evidence, what Foster said.

If the Court allowed Foster to tell the jury, that his opinion was, that Phillips burnt the jail, we think, the Court erred. We, suppose, however, that the Court received the saying of Foster, on another ground, than that of a witness's belief being evidence, viz: on the ground, that the saying was addressed to Phillips himself.

As to the first request—if the fact, that the *crime* has been actually perpetrated, has to be first established, before circumstances can avail anything, what use is there for circumstances at all? Certainly none. It may *perhaps* be true, that, in a charge of murder, *death* must be shown—*the finding of a dead body* must be shown—before circumstances will be sufficient to warrant a conviction. But this death is not the *crime*; it is what is called the *corpus delicti*. And so *perhaps* in other cases, the *corpus delicti* has to be shown, before there can be a conviction on circumstantial evidence. But in the present case, what was the *corpus delicti?* Obviously, that the jail was burnt. See *Best on Pres. sec's* 201, 204; 2 *Hale, P. C.* 290; *Wills on Circum. Ev.* 105; 1 *Stark Ev.* 575; *C. C. & P.* 176.

What is thus said of the first request, is equally applicable to the second.

[4.] But whilst we cannot go the length of these requests, we are equally unable, to concur with the Court below, in the qualification which it engrafted on the requests. Is it true, that if a house is consumed by fire, we are *bound* to believe, that some person intentionally set it on fire, unless it

is *shown*, that the fire was the result of lightning, or accident. Surely not. Rather is it true, that, if nothing appears but the mere fact, that the house was consumed by fire, the presumption, which we are authorized, if not required, to make, is, that the fire was the result of accident, or of some providential cause.

New trial granted.