The State v. Kesner.

---

THE STATE OF KANSAS V. C. C. KESNER.

No. 14,440.    ( 82 Pac. 720.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Anonymous Letters—Identification—Admissibility.* When evidence has been introduced in a criminal action showing that the defendant has been accused of causing certain letters to be written which were signed by other names or were anonymous, and that the defendant did not deny the accusation, but on the other hand by his statements showed a knowledge of the contents of the letters and attempted to justify or explain the demands for money therein made, such letters, if otherwise competent, are admissible in evidence against him.

2. ———— *Judicial Notice—Journal of Court.* A trial court will take judicial notice of its own records, and a journal entry of a proceeding at a former term in the same case will, if otherwise competent, be received in evidence without any preliminary evidence by way of identification.

3. —————— *Forfeiture of Recognizance — Evidence of Flight.* While not conclusive, an order of the trial court forfeiting the defendant's recognizance on his failure to appear for trial is some evidence of his flight, and is admissible in evidence as a circumstance to be considered by the jury in determining his guilt or innocence.

4. —————— *Corpus Delicti—Evidence—Case Followed.* The rule adopted in *The State v. Davis,* 48 Kan. 1, 28 Pac. 1092, that in a criminal prosecution where the *corpus delicti* cannot well be proved except by the introduction of evidence tending to show the defendant's guilty connection with the offense evidence tending to prove both the *corpus delicti* and the defendant's guilt may be introduced at the same time, approved and followed.

Appeal from Coffey district court; FREDERICK A. MECKEL, judge. Opinion filed October 7, 1905. Affirmed.

### STATEMENT.

THE appellant, with two others, was arrested on the charge of murder by procuring an abortion, and thereby causing the death of India E. Wilson. He was granted a separate trial, and was convicted of manslaughter in the second degree, under chapter 214 of the Laws of 1903. He appeals to this court.

*C. C. Coleman,* attorney-general, and *Henry E. Ganse,* county attorney, for The State.

*E. J. Crego,* and *E. N. Connal,* for appellant.

The opinion of the court was delivered by

SMITH, J.: Numerous objections are made to the rulings of the court on the trial, all of which have been examined but only three of which it will be necessary to discuss. The fourth objection is that the court erred in admitting testimony of a witness, Villorous Hall, charged as an accomplice, of the contents of certain letters not produced by him but alleged to have been burned or delivered to another codefendant, and not shown to have been written by the defendant on trial. There was evidence connecting the defendant

The State v. Kesner.

with the writing of the letters.  The witness Hall
testified as follows:

"Ques.  What, if anything, did you say to Doctor
Kesner with reference to the letter written by Mrs.
McConnell?  Ans.  I asked him [the defendant] what
the devil he had those people write to me for more
money for.

"Q.  When you asked him that question in his office
at Le Roy what reply did he make?  A.  Well, he said
he had the damnedest time he ever had in his life; he
said the child came all doubled up, . . .  and it
was worth more money.  I told him I did n't propose
to put up any more.  He said he had settled with the
folks out there; that he would rather give all he got
out of it than to have any trouble."

This was after the witness had testified that he had
told defendant that a girl (referring to deceased) was
pregnant by him (the witness) and wanted to get rid
of it; that he had contracted with the defendant to
pay him fifty dollars for causing the abortion and .
five dollars for the board of the girl at a place where
defendant told witness he could have her boarded;
that in pursuance of the agreement he (the witness)
had taken the girl to defendant's office and she had in
some way been taken or conveyed to the residence of
one George McConnell; that he had received a letter,
signed "Mrs. George McConnell," the contents of
which the witness stated to be:  "It stated that she
had had a terrible time; and they wanted ten dollars
more, and if I could n't get ten, why, to send five."

The witness had also testified that at the time he
took the girl (since deceased) to the defendant's of-
fice he paid the defendant's son, who was in the office
—the defendant being absent—thirty dollars of the
fifty-five dollars he had agreed to pay; that after he
returned home he received an anonymous letter ask-
ing him to bring the rest of the money soon or to come
and get the girl at once; that this letter was post-
marked "Le Roy," at which place the defendant lived
and had his office; that, soon after receiving the same
he went to defendant's office in Le Roy and said to the

defendant: "You ought to have your boy better schooled"; that the defendant answered that he (the witness) ought to have paid it all down or left it with the girl; and that he thereupon paid to the defendant the balance of the fifty-five dollars.

We think the evidence sufficiently connects the defendant with the writing, or with the procuring of the writing, of the letters, shows the destruction of the letters, and justifies secondary evidence of their contents.

The fifth and sixth objections relate to the admission as evidence, and the refusal of the court to strike out, on motion, a journal entry of the trial court of an order made at a prior term forfeiting the recognizance of the defendant on his failure to appear for trial. This evidence was admitted on the application of the county attorney, after the state had produced its evidence in chief and the defendant had offered his rebuttal testimony. It was within the discretion of the court to reopen the case at this time, and we cannot say the discretion was abused. It is urged that the journal entry was not properly identified. It was a record in the case on trial, and the court had a right to take judicial notice of it and to admit it as evidence to the jury without identification. It is also urged that the evidence itself was incompetent. In recognition of a long-established procedure, it was said, in *The State v. Stewart,* 65 Kan. 371, 69 Pac. 335:

"The facts of flight, concealment, disguise, denial of identity, change of name, and like acts, done by one accused of crime, after the commission of the offense, may be received in evidence, with all the other facts and circumstances in the case, as bearing on the question of the guilt of defendant." (Syllabus.)

Failure to appear for trial in accordance with the recognizance is of course not conclusive evidence of flight, and is susceptible of explanation; but it is some evidence of flight, and if so may be considered with any explanation offered as a circumstance to be considered with all other circumstances as bearing upon the ques-

tion of the guilt or innocence of the defendant. (1 Wig. Ev. § 276 and note.)·

The only remaining objection that it is necessary to consider is the eighth: That the court erred in not requiring the *corpus delicti* to be proved. This objection is not well taken. Proof of the death was made, and there was also evidence tending to show that death resulted from septicemia, resulting from a piece of the placenta having been left in the uterus. There was strong circumstantial evidence that an abortion had been committed upon the deceased and connecting the defendant with the act. It is urged that admissions or statements of the defendant were improperly admitted before the *corpus delicti* was established. While it is the better practice first to establish the fact that a crime has been committed, and then to offer evidence to connect the defendant on trial with its commission, this is not an invariable rule; nor is it always possible to proceed in this order. It was said in *The State v. Davis*, 48 Kan. 1, 28 Pac. 1092:

"In a criminal prosecution for murder in the first degree, where the *corpus delicti* cannot well be proved except by the introduction of evidence tending to show the defendant's guilty connection with the offense, *held*, that evidence tending to prove both the *corpus delicti* and the defendant's guilt may be introduced at the same time." (Syllabus.)

The order of introducing evidence in a case is a matter that rests in the sound discretion of the trial court, and while logical considerations have impelled lawwriters to lay down certain orders of procedure it is not reversible error if the prescribed order be not observed. It is sufficient if, from all the evidence in the case, the *corpus delicti* and every fact essential to establish the defendant's guilt be proved by the evidence to the satisfaction of the jury beyond a reasonable doubt, and such finding of the jury or verdict be approved by the trial court.

The judgment of the district court is affirmed.

All the Justices concurring.