BEAR CAT MINING CO. v. GRASSELLI CHEMICAL CO.*

(Circuit Court of Appeals, Eighth Circuit. December 27, 1917.)

No. 4660.

DAMAGES ☰62(4)—DUTY TO PREVENT—BREACH OF CONTRACT—"TRIFLING."

Plaintiff, the lessee of a mine, sublet the premises to defendant, under a lease giving defendant the privilege of terminating the same at any time on 30 days' notice. Defendant, after operating the mine for some time, gave notice of its intention to terminate the lease, and at the same time notified plaintiff that it would suspend operating the pumps; the mine being one which required constant pumping to prevent flooding. At the end of the 30-day period the owner of the mine forfeited plaintiff's lease on account of the flooding of the mine. Held, that plaintiff could not, as the forfeiture of the lease was only consequential damage resulting from defendant's breach of contract in suspending pumping operations before the termination of the 30-day period, which could have been avoided at trifling cost, recover the value of the lease; the expression "trifling" meaning a sum trifling in comparison to the consequential damages.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Action by the Bear Cat Mining Company, a corporation, against the

Grasselli Chemical Company, a corporation. There was a judgment in favor of plaintiff for $1 damages only, and it brings error. Affirmed.

Albert S. Marley, of Kansas City, Mo. (John S. Marley, of Kansas City, Mo., on the brief), for plaintiff in error.

A. E. Spencer, of Joplin, Mo. (George J. Grayston, of Joplin, Mo., on the brief), for defendant in error.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. The plaintiff, the Bear Cat Mining Company, held a lease dated April 29, 1913, for a mining property in Jasper county, Mo., including the machinery for the operation of the mine. The lease ran for a term of 10 years, with a royalty of 10 per cent. of the value of all ore sold. On July 18, 1913, the plaintiff subleased the same property to the defendant, Grasselli Chemical Company, for similar purposes, for a term ending April 29, 1923. It was agreed in the lease that, if the defendant should at any time fail or refuse to keep any stipulation on its part, plaintiff might, at its option, terminate the lease, and retake possession of the property, giving the defendant 10 days' written notice thereof. The royalty was fixed at 15 per cent. The lease further provided that defendant "shall also have the right and privilege of terminating this lease at any time upon giving said first party 30 days' notice in writing of its intention to terminate this lease at least 30 days after the delivery to said first party of such written notice." Defendant operated the mine until September 29, 1913, when it mailed a notice of its intention to terminate the lease to the plaintiff. The evidence is reasonably satisfactory that this notice was received. At the same time the defendant notified plaintiff that it would suspend operating the pumps. The mine was one which required the operation of the pumps constantly to prevent flooding. In the notice defendant also notified plaintiff that he could take possession of the property at any time, and operate the same, and do whatever was necessary for its protection. Defendant left the mine on October 4, 1913. Neither he nor the plaintiff did anything by its operation to protect it during the month of October, and at the end of the month the owner of the mine declared a forfeiture of his lease with plaintiff, and went into possession of the property.

The present action is brought by the plaintiff to recover $50,000 damages (the alleged value of plaintiff's lease), for defendant's failure to comply with the terms of his sublease, and the breach relied upon is his abandonment of the property during the 30 days covered by the notice, thus giving a right to the owner of the property to forfeit plaintiff's lease. The court directed a verdict in favor of the plaintiff for $1 damages only, upon the ground that it was the duty of the plaintiff himself, upon receiving the notice that was given him, and the right to retake possession of the property and safeguard his own leasehold interests, to do whatever was necessary to that end, for the purpose of mitigating his damages; that he could not stand by and permit his lease to be forfeited, and then seek to recover full damages therefor.

This decision was clearly right. The rule of law applicable to the case was never better stated than by Judge Selden in Hamilton v. McPherson, 28 N. Y. 72, 76, 84 Am. Dec. 330:

"The law, for wise reasons, imposes upon a party subjected to injury from a breach of contract the active duty of making reasonable exertions to render the injury as light as possible. Public interest and sound morality accord with the law in demanding this; and if the injured party, through negligence or willfulness, allows the damages to be unnecessarily enhanced, the increased loss justly falls upon him."

Mr. Benjamin, in his work on Sales, page 1327 (4th Am. Ed.) says that a man thus situated must do all that "a reasonable man of business" would have done under the same circumstances to prevent the damages from being enhanced. Sedgwick on Damages (9th Ed.) § 205, says:

"Where damages are claimed, not for the direct injury, that is, the loss of the value of the contract itself, but for consequential loss the plaintiff cannot recover for such loss if he might reasonably have avoided it"

—and cites a multitude of cases, English and American, to support this rule.

The damages here which the plaintiff sought to recover were clearly "consequential," as that term is employed by Mr. Sedgwick. If the plaintiff had gone into possession of the mine, and worked it during the period of 30 days, he could have recovered as damages all the loss which he suffered by that operation. Such damages would have been the direct result of the defendant's violation of the contract. But the damages which the plaintiff is in fact seeking to recover are not the direct result of defendant's violation of the sublease, but are more properly referable to plaintiff's violation of his own lease with the owner of the mine. In the leading case in the Supreme Court, Warren v. Stoddart, 105 U. S. 224, 26 L. Ed. 1117, the rule is stated as follows:

"Where a party is entitled to the benefit of a contract and can save himself from a loss arising from a breach of it at a trifling expense or with reasonable exertions, it is his duty to do it, and he can charge the delinquent with such damages only as with reasonable endeavors and expense he could not prevent."

The word "trifling" in this passage has reference to the situation of the parties. It means a sum which is trifling in comparison with the consequential damages which the plaintiff is seeking to recover in the particular case. The rule which we have stated will be found further illustrated in the following cases: Ramsey v. Perth Amboy Shipbuilding & Engineering Co., 72 N. J. Eq. 165, 65 Atl. 461; Atkinson v. Kirkpatrick, 90 Kan. 515, 135 Pac. 597; Mabb v. Stewart, 147 Cal. 413, 81 Pac. 1073; Oxford Knitting Mills v. American Wringer Co., 6 Ga. App. 642, 65 S. E. 791; Kimball Brothers Co. v. Citizens' Gas & Electric Co., 141 Iowa, 632, 118 N. W. 891; Sherman Center Town Co. v. Leonard, 46 Kan. 354, 26 Pac. 717, 26 Am. St. Rep. 101.

The judgment is affirmed.