## FRANK BRIDWELL v. STATE.

No. A-8122. Nov. 21, 1931.
(5 Pac. [2d] 403.)

354

Lewis Hunter and J. F. Thomas, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of assault with a dangerous weapon with intent to do bodily harm, and was sentenced to be imprisoned in the state penitentiary for eighteen months, and to pay the costs of the prosecution; from which sentence, the defendant has appealed.

The testimony on behalf of the state tends to show that the prosecuting witness, W. L. Howry, had testified in the preliminary trial, and, when the case was called for trial, Howry did not appear, and the court, over the objection of the defendant, permitted the testimony of Howry taken at the preliminary trial to be read to the jury.   The witness Howry stated he came to Sterling the morning of the second of April, 1930; that he talked with several parties and finally went to the second floor of the Farmers' Union building where there were a number of other parties; among others was the defendant; they had some whisky; Howry admitted he took a drink while up there; that he talked a while with the parties and started to come down the stairway; and that sometime after he left the room, and before he came down the stairs, he got a lick of some kind; witness stated he did not know who hit him; he had had no trouble with

any one in the room upstairs; that all were friendly to him; he further stated he had known the defendant for a number of years; that the defendant had lived with a sister of his for several years; that about four years ago he and the defendant had a little controversy, but they had continued to be friends, and there was no ill feeling between them.

The other witnesses who testified in the case only tended to show that the prosecuting witness, W. L. Howry, was found down in front of the landing of the stairway; no one saw him fall, and no one knew how he came to be down there. There is no testimony tending to show whether he fell down the stairway and hit the concrete sidewalk and fell to the edge of the street, or that he received some kind of a blow that knocked him down the stairway. There is testimony tending to show that, before he went upstairs, his actions indicated he had been drinking.

Testimony was introduced showing that a boy went into the Henderson Restaurant and informed Mr. Henderson some one had been hurt or had been found in the street; the defendant was in the restaurant at that time; defendant went around to the injured party and found it was W. L. Howry; the defendant raised up the head of Howry and held it until the doctor and another party came, and they carried Mr. Howry and placed him on a cot in the cellar of the building, where the doctor treated him. The only testimony that in any way whatever tended to show that an offense had been committed is the statement by one of the witnesses who claims the defendant told him he had hit Howry.

The defendant testified in his own behalf and denied that he had told any one he struck Howry, and testified

he had left the room where the parties were ten or fifteen minutes before the accident and was in the Henderson Restaurant when a young man by the name of Hayes brought the information that Howry had been injured. The defendant testified he never made the statement to any one that he struck Howry; that he had no cause to strike him; they were on friendly terms. This is in substance all the testimony relating to the charge against the defendant.

The defendant in his petition in error assigns several errors alleged to have been committed by the court in the trial of his case. In his brief, the defendant especially urges that the verdict of the jury is not sustained by the evidence, and that the evidence is entirely insufficient to sustain the verdict of the jury and the judgment and sentence. In presenting his argument, the defendant insists that the facts and circumstances as shown by the record justify the conclusion that the prosecuting witness Howry was injured either by falling from the top of the stairway while in an intoxicated condition, or was injured in some way other than by being struck by the defendant. The prosecuting witness's testimony taken in the preliminary trial and used in the trial of this case clearly shows that he did not know who struck him, if any one, and that he was on friendly terms with the defendant, and that he did not have any words that day with the defendant.

Neither of the state witnesses testified to any trouble between the prosecuting witness and the defendant, and all of the state testimony shows that as soon as the de-defendant learned that the prosecuting witness had been injured he immediately went to him and raised his head and was trying to aid him. Most of the testimony of-

fered in the trial of this case was testimony of witnesses that had been taken in the preliminary trial, whose attendance could not be secured at the trial, for the reason they were absent from the state, or were not where they could be found.

It is further urged by the defendant that there is no testimony whatever to connect the defendant with the commission of a crime. The evidence introduced by the state tends to show that the defendant did not make an assault upon Howry. There is in fact no direct testimony offered by either of the state witnesses showing that a crime had been committed. The circumstances and the testimony of the witnesses tend to show that the prosecuting witness had been drinking and started down the stairway, lost his balance and fell, inflicting an injury upon his person when he struck the sidewalk.

The only assignment of error necessary to be considered is the assignment of the defendant that the evidence is insufficient to sustain the verdict. The statement of the witness Paris that the defendant told him he struck the prosecuting witness, which statement was denied by the defendant, is in the nature of an extrajudicial confession, and this court has many times held that, in a criminal case, a conviction cannot be had on an extrajudicial confession of the defendant without evidence aliunde of the corpus delicti, but that direct and positive proof of that fact is not indispensable. Henry v. State, 14 Okla. Cr. 189, 169 Pac. 658.

In Green v. State, 7 Okla. Cr. 194, 122 Pac. 1108, in the first paragraph of the syllabus, the court said:

"In every criminal prosecution, it devolves upon the state to prove, first, the corpus delicti; second, that the crime charged was committed by the accused."

In Blakemore v. State, 39 Okla. Cr. 355, 265 Pac. 152, this court, in the first syllabus, said:

"The corpus delicti in a criminal case cannot be established by the confession of the defendant alone. There must be independent evidence, either direct or circumstantial, of the corpus delicti before a conviction can be had." Boggess v. State, 46 Okla. Cr. 283, 287 Pac. 764.

The testimony of Paris on the question of the corpus delicti related solely to an extrajudicial confession alleged to have been made by the defendant to Paris. The defendant denied making any such statement. There is no circumstantial evidence which tends to connect the defendant with committing any offense against the person of the prosecuting witness Howry, nor is there any testimony which places the defendant and Howry together or near each other at the time of the alleged offense. On the contrary, the defendant testified he was not in the building; that when he left it he left Howry in the building with other parties; and that he was in the Henderson Restaurant when advised that Howry had been injured.

After a careful examination of the record, it is the opinion of the court that the proof of the corpus delicti in this case does not meet the requirement of the statute, and that there is no competent evidence sustaining the judgment, and, for this reason, the cause is reversed.

EDWARDS, J., concurs. CHAPPELL, J., absent, not participating.