## WILLIAM KOSEPEAH v. STATE.

No. A-8342.   Dec. 9, 1932.
(16 Pac. [2d] 888.)

J. F. Thomas and Lawton Burton, for plaintiff in error.

J. Berry King, Atty. Gen., and Sam H. Lattimore, for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Comanche county of manslaughter in the first degree and was sentenced to serve a term of six years in the state penitentiary.

Defendant is a full-blood Comanche Indian, a married man.   Mildred Speck, the deceased, was an unmarried white woman who had been associating with defendant for some eighteen months prior to the crime charged.   On the date of her death, she with another white woman was out automobile riding with defendant and two other young Indian men.   The party drank intoxicants.   She was in

the rumble seat with defendant. As they were returning from this ride to Lawton they let her female companion out of the car at a hospital where she was employed near Fort Sill. As they drove in from there deceased jumped, fell, or was thrown out of the car. Defendant and his companions at once took her to a hospital where she died without making any statement. An autopsy revealed bruises on the right side and on the left wrist and a wound above and to the rear of the left ear which fractured the skull and was the cause of death. After leaving her at the hospital, defendant and his companions reported to the officers at Lawton. They made an investigation and found blood spots on the highway where the injury occurred and a heel from one of the shoes worn by deceased. One circumstance strongly relied on by the state is that, after the defendant and his companions reported to the officers and had been questioned and released, his companions returned to the scene of the injury, picked up the shoes of deceased, carried them about a half mile, and threw them into some weeds where they were afterwards discovered. Defendant's companions who were in the front seat testified they did not know anything of the manner or cause of deceased's leaving the car. Defendant testified he leaned forward to get a match from one of the parties in the front seat and just at that time the deceased disappeared from the car; that he had the car stopped. There was some testimony by a sister of deceased of an assault or attempted assault by defendant to do personal violence to deceased about 18 months prior. At a former trial, this sister, although a witness, did not testify to this circumstance.

The circumstances upon which the state relies are very meager, and, without entering into an analysis of the facts or discussion of the law applicable, we are satisfied there

is not proof of sufficient circumstances consistent with the hypothesis of the guilt of the accused and inconsistent with that of his innocence to sustain the judgment. De Bose v. State, 1 Okla. Cr. 549, 197 Pac. 176; Bridwell v. State, 52 Okla. Cr. 353, 5 Pac. (2d) 403; 16 C. J. 673.

The case is reversed.

DAVENPORT, P. J., concurs. CHAPPELL, J., dissents.