CHESTER YOUNG v. STATE.

No. A-8765.  Jan. 25, 1935.

(40 Pac. [2d] 686.)

Mathers & Mathers, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen. (Hester Atherson Gifford, of counsel), for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of maintaining a public nuisance and sentenced to pay a fine of $75, and to be confined in the county jail for a period of 30 days.

The testimony, in substance, shows that the defendant was living with his wife at No. 11 Northeast Third street, Oklahoma City, Okla.; that on the 14th day of December, 1932, an application for a search warrant was filed with Roy Wolcott, justice of the peace, sworn to by W. E. Agee, and a search warrant was issued to search a one-story frame building located at No. 11 Northeast Third street, Oklahoma City, of John Doe and Mary Doe. The warrant further recites, whose full, true, and correct name is unknown.

Notwithstanding the affidavit for the search warrant, and the search warrant that was issued to search a certain building of John and Mary Doe, W. E. Agee, who made the affidavit, when he testified in the trial of the case stated he knew the defendant and that he had gone by his home about four hours before he made the search. It is not shown why, if the statement of the witness Agee is true, he made the affidavit to search the building in the name of John and Mary Doe. The affidavit for the search warrant and the search warrant appears in the case-made, but there is no showing as to how they happen to be copied in the case-made.

The information in this case charged the defendant with the crime of maintaining a common nuisance of the

public, by keeping whisky for barter, sale, and giving away to divers persons unknown, and where divers persons unknown congregate for the purpose of buying, receiving, and drinking said intoxicating liquor.

The record discloses that the officers went to the home of the defendant, where he and his wife resided, with a search warrant. There is no showing that it was served on either the defendant or his wife, but the testimony of one of the officers discloses that when they went to the home of the defendant the wife of the defendant locked the door and they kicked the door open. The officers claim that the wife of the defendant poured out some whisky in the bathroom. All they claim to know about that is that they smelled the odor of whisky in the bathroom. One of the officers testified they found a pint of whisky in some part of the building. Witness Agee testified that he had not been out to the house where the defendant was living, but that he was at a place near where the defendant was living about 30 days prior to the day of the securing of the search warrant. The other officer states that he had passed the place three or four times in the last few months, and claimed he had seen some parties drive up to the house and stay a while and then drive away. One of the officers made the usual statement that he had a complaint against the defendant's place.

The defendant was not at home at the time the officers went to his place and searched it, and knew nothing about what took place between the officers and his wife. The testimony of the officers, in substance, shows that when they arrested the defendant he said he had been selling whisky as he had to do something to make a living. When the search was made a sister or sister-in-law was there visiting. No whisky was sold or drunk while the officers were there, and there is no testimony showing any

sale of whisky, giving away, bartering, or disposing of any whisky since the defendant and his wife had been living in the place where the officers searched.

The defendant, in his testimony, denies any knowledge of there being any whisky at his place, but admitted he stated to the officers if they found any whisky there it was his and not his wife's. He positively denies he ever told the officers he had been selling whisky, that he had to make a living. The defendant further testified he had been helping a carpenter on different buildings, and that for about 30 days prior to his return to his home the day of the search he had been in Tupelo, Okla., with his father who was ill, assisting his father looking after his business affairs.

The defendant in his assignment of errors alleges the verdict of the jury is contrary to the law; and that the verdict and judgment is not supported by the evidence. There is no evidence in the record which shows that the defendant was at the place where he was living at the time his home was searched, nor had he sold, bartered, given away, or otherwise disposed of intoxicating liquors to any one; nor is there any positive testimony that divers persons were permitted to congregate at his home for the purpose of buying, receiving, or drinking intoxicating liquors. The defendant is not charged with the possession and the sale, bartering, or disposing of whisky, but is charged with having intoxicating liquors in his possession and so conducting his home that it amounted to a common or public nuisance.

The only evidence tending to show there ever had been any whisky at the defendant's home was offered on the part of the state to show a statement or confession of the defendant. This court has repeatedly held that the corpus

delicti cannot be established by the confession of the accused alone; that there must be independent evidence, either direct or circumstantial, of the corpus delicti before a conviction can be had. Blakemore v. State, 39 Okla. Cr. 355, 265 Pac. 152, and authorities therein cited.

This court has repeatedly held that where there is evidence to support a conviction it will not pass on the weight or sufficiency in order to determine whether the defendant was guilty as charged. However, there must be evidence to support the essential allegations in the information.

The only evidence on the part of the state tending to show possession by the defendant of intoxicating liquor is the evidence of the finding of a pint of whisky somewhere in the house the officers searched, and the odor of whisky in the bathroom. There is a total failure in the evidence showing that the defendant intended to sell or dispose of the pint of whisky found in his home, and the evidence wholly fails to show that persons congregated and resorted to the defendant's place for the purpose of drinking such liquor.

There are other errors assigned by the defendant possessing merit, but in the view we take of this record it is not necessary to consider them, as the evidence is insufficient to sustain a conviction of maintaining a common or public nuisance.

The judgment of the lower court is reversed, and the case remanded.

EDWARDS and DOYLE, JJ., concur.