William BASHAM, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12690.

Court of Criminal Appeals of Oklahoma.

May 27, 1959.

Kelly Brown, Muskogee, J. Fred Green, Sallisaw, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for defendant in error.

PER CURIAM.

This is an appeal by plaintiff in error William Basham, defendant below, from a conviction in the District Court of Muskogee County, Oklahoma. The defendant was charged by information therein with the crime of burglary in the second degree for the theft of some automobile tires. He was tried by a jury, convicted, his punishment fixed at five years in the state penitentiary, on which judgment and sentence were entered, from which this appeal was perfected.

This case involves substantially similar facts as the case of Bonicelli v. State, Okl.Cr., 339 P.2d 1063. The owner of the premises testified to the loss of tires from his shop, particularly four 6.70 x 15 Goodyear Double Eagle tires. The tires were taken from his premises without his knowledge or consent and appropriated to the use and benefit of the taker thereof. He related he found no visible evidence of any kind that his building had been broken into. His son and their employee at the shop testified to substantially the same facts. The conviction had herein was predicated solely on the basis of the defendant's confession. There was no evidence, either direct or circumstantial, sufficient to establish the corpus delicti, or the actual commission of the burglary, other than the aforesaid confession. On such basis the conviction cannot be sustained.

In 22 C.J.S. Criminal Law § 839, it is said:

"It is the general rule both under statutes and at common law that an extrajudicial confession does not warrant a conviction unless it is corrobo-

rated by independent evidence of the corpus delicti."

Bonnicelli v. State, supra; Gorum v. State, 60 Okl.Cr. 248, 63 P.2d 765; Young v. State, 56 Okl.Cr. 375, 40 P.2d 686; Bridwell v. State, 52 Okl.Cr. 353, 5 P.2d 403.

 Corpus delicti is defined as the substantial and fundamental fact or facts necessary to the commission of a crime, and means, when applied to any particular offense, the actual commission by some one of the particular offense charged. Gorum v. State, supra. In Forte v. U. S., 68 App. D.C. 111, 94 F.2d 236, 241, 127 A.L.R. 1120, it is said:

"It must be conceded that there has been a very general concordance of judicial opinion in the United States that some sort of corroboration of a confession is necessary to conviction, and this concordance has extended to federal courts as well as elsewhere."

The Supreme Court of the United States in Isaacs v. United States, 159 U.S. 487, 16 S.Ct. 51, 53, 40 L.Ed. 229, stated the rule as follows:

"The corpus delicti * * * 'must be proved by circumstances, or by positive proof, * * * before the declarations or admissions or confessions of the defendant can be taken as sufficient to warrant a jury in convicting.'"

20 Am.Jur. 423, 1087; Mackey v. State, 30 Okl.Cr. 31, 234 P. 782; Brown v. State, 81 Okl.Cr. 303, 164 P.2d 249, 166 P.2d 1021; Phillips v. State, 29 Ga. 105; Kansas v. Cardwell, 90 Kan. 606, 135 P. 597, L.R.A. 1916B, 745.

It is apparent that there being no independent positive proof or circumstantial evidence to establish the burglary herein alleged, this case must be reversed. The evidence independent of the confession does not establish the burglary but only that the automobile tires were taken. The county attorney should examine the case of Love v. State, Okl.Cr., 319 P.2d 317, relative to pitching this prosecution on a different base under the circumstances.

The second vital contention of the defendant is that the court erred in permitting the jury to be provided with copies of the defendant's tape recorded confession which was played to the jury and introduced in evidence. This was clearly erroneous, as in violation of the rules against repetition and overemphasis. If the recording was available and understandable, there was no necessity in providing the jury with the typewritten copies thereof. The fact this was done lends credence to the defendant's contention that the recording was neither audible nor understandable. If it were, as we have hereinbefore indicated, the typewritten copies overemphasized the evidence by making it appear the court thought it was so good it should be repeated. This should never be done. See Bonnicelli v. State, supra.

For the foregoing reasons, the judgment and sentence herein is accordingly reversed, and the cause remanded for a new trial.