**Lamons LIMBIRD, Plaintiff in Error,**

**v.**

**STATE of Oklahoma, Defendant in Error.**

**No. A–12722.**

Court of Criminal Appeals of Oklahoma.

June 10, 1959.

Green, Green, & Green, Sallisaw, by J. Fred Green, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

PER CURIAM.

This is an appeal by Lamons Limbird, plaintiff in error, defendant below, from a conviction, judgment and sentence against him had in the District Court of Muskogee County, Oklahoma, on a charge of second degree burglary. The defendant was sentenced thereon to a term of two years in the state penitentiary. From that judgment and sentence, this appeal has been perfected.

The information charged the defendant with feloniously breaking and entering by forcing a widow of a certain building oc-

cupied by Fondulac Oil & Gas Company with the intent and purpose of removing and carrying away against the owner's will certain personal property (two automobile tires) therein housed. The conviction was based entirely, so far as the actual commission of the burglary was concerned, upon the defendant's confession. There is no other evidence of an independent nature in support thereof to establish the commission of the crime of burglary. The testimony of the state's witnesses was that though they examined the building, they found no evidence of a breaking and entering; the window screens had not been broken or pulled loose; and no holes were in the building and there was no evidence anyone had broken into the place. The prosecuting witnesses could not identify the automobile tires allegedly taken as having come from the Fondulac warehouse. They could only say they looked like the ones they lost. The defendant's nephew testified the defendant brought some tires to his home, which he stored in his garage attic. Later, they were put on defendant's automobile, then removed therefrom and re-stored in the attic. This was the state's evidence exclusive of the defendant's confession. It did not establish any offense, much less that of burglary, a breaking and entering.

■■ None of this evidence is sufficient to establish the corpus delicti, or the commission of a crime, independent of the confession. It has repeatedly been held by this and other courts, both Federal and state, under both common law and statute, that an extra-judicial confession alone does not warrant a conviction unless it is corroborated by independent evidence of the actual commission of the crime, which constitutes the corpus delicti. This may be established either by circumstantial or positive evidence, but is an essential attribute that must be established before the confession becomes admissible to connect the defendant with the crime. For application of this rule see Bonicelli v. State, Okl.Cr., 339 P.2d 1063; Basham v. State, Okl.Cr., 340 P.2d 461; both of which call attention to Love v. State, Okl.Cr., 319 P.2d 317, and the possibility of a different theory of prosecution; 22 C.J.S. Criminal Law § 830; Gorum v. State, 60 Okl.Cr. 248, 63 P.2d 765; Young v. State, 56 Okl.Cr. 375, 40 P.2d 686; Bridwell v. State, 52 Okl.Cr. 353, 5 P.2d 403; Isaacs v. United States, 159 U.S. 487, 16 S.Ct. 51, 40 L.Ed. 229; 20 Am.Jur. 423; Mackey v. State, 30 Okl. Cr. 31, 234 P. 782; Phillips v. State, 29 Ga. 105; State of Kansas v. Cardwell, 90 Kan. 606, 135 P. 597, L.R.A.1916B, 745; Brown v. State, 81 Okl.Cr. 303, 164 P.2d 249, 166 P.2d 1021; all holding that proof of corpus delicti must be made independent of a confession before a conviction based thereon can be sustained. This is the decisive point of this appeal. The cause is accordingly reversed and remanded for a new trial