## GEORGE PATTON v. STATE.

No. A-4731. Opinion Filed Jan. 24, 1925.
(232 Pac. 454.)

(Syllabus.)

1.  **Evidence—Declarations in Presence of Codefendant.** Declarations of a defendant, made after the offense was committed, in the presence of a codefendant, are admissible against himself, but inadmissible against the other defendant.

2.  **Evidence—Uncontradicted Statements Made in Presence of Defendant Inadmissible.** A defendant in custody is not called upon to contradict statements prejudicial to him, made in his presence, and, though they are not contradicted, they are not admissible in evidence.

Appeal from County Court, Okmulgee County; W. A. Barnett, Judge.

George Patton was convicted of manufacturing intoxicating liquor, and he appeals. Reversed and remanded for new trial.

L. A. Wallace, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charged that Jim Strong, Bill Connor, and George Patton did in Okmulgee county on or about the 10th day of January, 1923, manufacture certain intoxicating liquor, to wit, corn whisky. Upon arraignment the defendants Jim Strong and Bill Connor each pleaded guilty, and were duly sentenced.

Upon his trial the jury returned a verdict, finding the defendant Patton guilty, and fixing his punishment at a fine of $50 and confinement in the county jail for 30 days. From the judgment rendered on the verdict he appeals.

The evidence shows that John Cable, deputy sheriff, together with M. L. Lairmore, Earnest Hulsey, and Mark Moore, went out west of Okmulgee, about five miles to the home of the defendant Jim Strong. The officers searched Strong's house, and found one half gallon of corn whisky. In a tent within a hundred feet of Strong's house they found a still in operation, also a barrel of mash, and about a gallon of corn whisky; they arrested the three defendants.

As a witness in his own behalf the defendant Patton testified:

"I lived on the farm of W. L. McKee, of Okmulgee, with my wife and seven children; there are two houses on the place; Mr. Strong lived in the house near the tent where the still was found; Mr. Strong put the tent up to put his team in about a week before; I was over there that afternoon to see about my hogs when the officers drove up; I was never in the tent, and I did not know the still was there, and I knew nothing about the mash or whisky."

Of the various errors assigned it is only necessary to consider the one, that the court erred in admitting incompetent and prejudicial testimony against the objections of the defendant.

Earnest Hulsey, deputy sheriff, testified in part as follows:

"Q. Now, did you, before you left or on your way to town, or any time, hear any one of these defendants make any statement as to who owned the still? A. Well, when we came to town Strong was riding in the front seat, Patton was in the back seat; we were talking about Strong's wife; she said that the still belonged to Patton, and Patton didn't deny knowing about it. Strong said that Patton came over and let him in on it. He said Patton was in charge of the place, and that he subrented from Patton is the way he talked.

"Q. After you brought the three to jail did you have any further conversation? A. Yes, sir; but Patton was not there. He had made bond. Connor said that he lived with Patton, and worked for him, driving a team on the road."

To the admission of this evidence, defendant excepted. We are of opinion that this testimony was incompetent and prejudicial to the rights of this defendant.

The declarations of a coconspirator or accomplice are receivable against his fellows when they accompany and explain acts done in pursuance of a concerted criminal purpose, if made during the pendency of the common criminal enterprise; if made at a subsequent period and merely narrative of past occurrences, they must be rejected. Bohannan v. State, 21 Okla. Cr. 103, 215 P. 1078.

In Ellington v. State, 21 Okla. Cr. 67, 215 P. 964, it was held that a defendant in custody is not called upon to contradict statements prejudicial to him, made in his presence, and, though they are not contradicted, they are not admissible in evidence. Towery v. State, 13 Okla. Cr. 216, 163 P. 331, L. R. A. 1917D, 491.

The testimony objected to was hearsay, and well calculated to prejudice the substantial rights of the defendant.

For the error indicated the judgment must be reversed and the cause remanded to the lower court, for another trial.

BESSEY, P. J., and EDWARDS, J., concur.