JOHN MACKEY v. STATE.

No. A-4856.   Opinion Filed April 4, 1925.
(234 Pac. 782)

(Syllabus.)

**Evidence—Extrajudicial Statement After Arrest, in Answer to Questions—Corroboration—Refusal of Accused to Answer Questions by Officers Inadmissible.** An extrajudicial statement made by the accused while under arrest, in response to questions propounded by the officers, should be corroborated by some other evidence.

(a) Where the accused, under such circumstances, refused to answer any of the questions propounded, evidence of the fact that he did so refuse is inadmissible.

Appeal from County Court, Muskogee County; W. W. Cotton, Judge.

Johny Mackey was convicted of the illegal transportation of intoxicating liquor, with his punishment fixed at a fine of $100 and a term of 60 days in the county jail, and he appeals. Reversed and remanded.

M. D. Hartsell, for plaintiff in error.

The Attorney General and Baxter Taylor, Asst. Atty. Gen., for the State.

BESSEY, P. J.  This conviction rests entirely upon extrajudicial statements made by the plaintiff in error, here referred to as the defendant, while under arrest in the office of the county attorney of Muskogee county, as testified to by a witness H. L. Watts, a deputy sheriff. This witness stated that after he had arrested the defendant, he took him to the office of the county attorney, where he was interrogated.  Following some preliminary questions, the record discloses the following:

"By the County Attorney:   Q. What whisky were we talking about, Mr. Watts?   A. The whisky that was gotten at 623 South Third street.

"Q. Is that the whisky we were talking about?   A. Yes, sir.

"Q. Tell the court and jury what was said at that time.   A. You asked Johny Mackey (the defendant) what he knew about the whisky, and he said he got it out on the highway and hauled it to his house and left it for Sam Hendricks.

"Q. Do you remember whether Rosette Arnette said anything to Johny Mackey?   A. Yes, she talked to him quite a bit; but I don't remember the conversation, in the exact words, anyway.   She told him he knew if he brought the whisky there, and if he did it wouldn't be any use to deny it.

"Q. She said that in his presence?   A. Yes, sir.

"Q. Did he say anything?

"Mr. Hartsell:   We object to him answering that and move the court to instruct the jury to disregard it.

"The Court:   Overruled.

"Mr. Hartsell:   Exceptions.

"A. He went ahead and explained about how it got there and where he got it."

The liquor was found at the house where Rosette Arnette and three other women resided, not the home

of the defendant. There was no testimony, outside of Watts' recital of defendant's statement made to the county attorney, to connect the defendant with the whisky or its transportation.

Defendant urges that as a matter of law the extra-judicial statement of the defendant while under arrest, as related by the witness Watts, above quoted, must be corroborated by independent testimony, and that there was no other competent testimony that could be construed as corroboration.

We are inclined to agree with the contention of defendant. The statement of the witness Watts that Rosette Arnette told the defendant that "he (the defendant) knew if he brought the whisky there, and if he did it wouldn't be any use to deny it," does not rise to the dignity of independent evidence in proof of the corpus delicti. The witness' answer, "He (the defendant) went ahead and explained how it got there and where he got it," is a part of the extrajudicial statement and not independent evidence of possession or transportation. The defendant was not bound, while under arrest and there being interrogated, to answer one way or another, and evidence of his refusal to answer was prejudicial and should not have been admitted. Ellington v. State, 40 Okla. Cr. 67, 215 P. 964; Vaughan v. State, 7 Okla. Cr. 685, 127 P. 264, 42 L. R. A. (N. S.) 889; Ellis v. State, 8 Okla. Cr. 522, 128 P. 1095, 43 L. R. A. (N. S.) 811.

The reason for requiring an extrajudicial statement made by a person under arrest to be corroborated by independent testimony is stated in 1 R. C. L. 588, thus:

"The grounds on which the rule requiring independent proof of the corpus delicti rests are the hasty and unguarded character which confessions often have, the temptation which for one reason or another a person

may have to say that which he thinks it is most for his interest to say, whether true or false, the liability which there is to misconstrue or report inaccurately what has been said, the danger of conviction when no crime may have been committed, the difficulty of disproving what may be said, and the feeling that the rule best accords with the humanity of the criminal law and with the great degree of caution applied in receiving and weighing the evidence of confessions in other cases."

Rosette Arnette did not testify, and the statement of the witness Watts as to what she said was incompetent and prejudicial and should have been excluded, leaving the extrajudicial statement without any corroboration whatever.

The judgment of the trial court is reversed, and the cause remanded.

DOYLE, J., concurs.

EDWARDS, J., absent and not participating.