## BENJAMIN TRAIL v. STATE.

No. A-9309. Dec. 23, 1937.
(74 P. 2d 1170.)

Hugh J. Adams, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and C. E. Barnes, Co. Atty., for the State.

BAREFOOT, J. The defendant was charged with the crime of burglary in the second degree, was convicted, and the jury assessed his punishment at six years in the penitentiary. From this judgment and sentence, he has appealed.

Fritz Pohlemann, the prosecuting witness, resided at 718 West Oklahoma avenue, in the city of Guthrie. On the 16th day of July, 1936, he left his home about 5 o'clock in the morning to go fishing. All of the doors and windows were securely locked and fastened. When he returned home just before noon, the front door was open, one window was up, and the window screen was torn loose and the window unhooked. Upon examination of his premises he found that certain wearing apparel, consisting of shirts, trousers, and a corduroy jacket, and a blanket were missing. This property was found by him the same morning at the home of Mrs. Rosetta Belding in Guthrie, where defendant was staying and where he was arrested by the officers whom Mr. Pohlemann secured after identifying his property. The defendant was seen by two small boys who were playing near the residence of Fritz Pohlemann just after the house had been entered. They knew and identified him. He was carrying clothing wrapped up in a blanket and which they identified as the property of Mr. Pohlemann. He was coming from the direction of Mr. Pohlemann's home and going in the direction of Mrs. Belding's home, where the property was found and where he was staying. A member of the Guthrie police force testified he was talking to the defendant the following morning and he said he got part of the clothes hanging up and part of them laying down. He thought he got the blanket laying on the bed, and when asked if he was talking about the Pohlemann house, he said: "Yes, where the fellow Fritz lived."

The defendant, testifying in his own behalf, said that he was married and had a wife and six children; that he lived in Oklahoma City, but had sent his family to California about the 27th of June; that he intended to go there later. He met Irvin Belding when both were in the city

jail in Oklahoma City. They planned to go to Irvin Belding's home in Guthrie and leave from there for California in Belding's car. A few days after his release from the city jail in Oklahoma City, he went to Guthrie and remained there for some time, staying at Irvin Belding's home. On the morning of the 16th of July they went to a restaurant, where they drank liquor and, as he says, he got pretty well liquored up. He separated from Irvin Belding and another companion, and all that he remembers was going home near noon, and falling asleep until the officers arrested him about 7 p. m. The property that had been stolen was hanging in a closet in the Belding home. He had no recollection of getting the clothes or of breaking into the house. On cross-examination he admitted having been convicted of violation of the prohibitory liquor laws in Oklahoma City in 1935, and of having been convicted of burglary in 1916, and serving a sentence at Granite. From the above testimony, it readily appears that the contention that the evidence was insufficient to sustain the conviction cannot be upheld. The jury was fully warranted in finding the defendant guilty under the evidence. The court did not commit error in permitting the state to prove, on cross-examination of the defendant, that he had been convicted and served sentences prior to the time he was here charged. This court has held many times that evidence of this character was competent for the purpose of affecting the credibility of the defendant as a witness. Gore v. State, 25 Okla. Cr. 214, 219 Pac. 153; Davis v. State, 15 Okla. Cr. 386, 177 Pac. 621.

The contention that the judgment and sentence in this case is too severe and is the result of passion and prejudice cannot be upheld. The punishment provided by the statute under which the defendant was tried and

convicted was not less than two years and not to exceed seven years in the penitentiary. It is contended that if defendant committed the crime as alleged, he was so intoxicated at the time that he did not know that he had committed it. He so testified, but there was other evidence that he was not in that condition. He was able to walk from where the burglary was committed; he conversed with small boys whom he met, and told them his name. The record also discloses two prior convictions. As stated by this court in the case of Rex Fleming v. State, 62 Okla. Cr. 446, 72 Pac. 2d 403, 408:

"The law has placed the pardon and parole power in the hands of the Governor of this state. If it should be deemed proper, these instrumentalities of the law may be used to the end that justice be done."

This statement applies to the facts in this case. Under the evidence, we do not feel warranted in reducing this sentence. An investigation of all the facts under the pardon and parole system of this state is the proper method.

The judgment of the district court of Logan county is therefore affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.