## CHARLES ROY v. STATE.

No. A-10301.   Oct. 13, 1943.

(142 P. 2d 139.)

W. C. Henneberry, Elmore A. Page, and Paul L. Olney, all of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Charles Roy, was charged by indictment presented and filed in the district court of Tulsa county with the crime of forgery in the second degree, was tried, convicted and sentenced to serve three years in the State Penitentiary, and has appealed.

At the time of the argument and submission of this case, the Attorney General, in open court, confessed that the trial court had committed reversible error in admitting in evidence testimony by a police officer as to state-

ments made by a third party in the presence of the defendant, concerning the defendant's connection with the alleged crime then under investigation and for which the defendant was being tried.

The evidence of the state consisted of testimony from three witnesses. Mrs. Banfield testified that Theodore Harris, on July 12, 1941, bought 35 cents worth of meat in her store and gave her a check for $13.95, purportedly signed by one J. N. Phillips. That she deposited the check to her account in the Tulsa bank and that it was returned with the notation "No Account." She did not see the defendant.

Riley Stuart, a Tulsa policeman, testified that he was present when the defendant and Theodore Harris were arrested and confined in jail on the instant charge. This occurred in November, 1941, about five months after the alleged crime was committed. Over the objection and exception of the defendant, the policeman was allowed to detail a conversation which he had with Theodore Harris, in the presence of the defendant, concerning the check in controversy, in which conversation he asked Harris, "Theodore, who wrote this check?", and Harris answered, "Mr. Charles Roy wrote the check sitting out in the truck, in the cab." He further related details told him at that time by Harris concerning the defendant's connection with that check and others which Harris is alleged to have passed in the city of Tulsa. When the policeman was asked what the defendant said when Harris made this statement, he replied that the defendant stated to Harris, "You're just a ——— ——— liar."

The third witness for the state was a policeman connected with the identification bureau in Tulsa who testified that in his judgment the letter "J" made by the de-

fendant in certain specimen handwritings given by him was identical with the "J" on the check in controversy.

A similar question to that here involved has been before this court many times. A few trial courts have been inclined to admit testimony as to statements made by a third person in the presence of the accused, tending to connect the accused with the offense charged, where the accused remains silent as to such conversation, upon the ground that the silence on the part of the accused to the charges made by the third person had the effect of an admission by the accused of the truthfulness of the charges made.

In the early case of Vaughan v. State, 7 Okla. Cr. 685, 127 P. 264, 42 L. R. A., N. S., 889, this court gave an extended discussion of the admissibility of this character of testimony. The law of that case is stated in the syllabus as follows:

"It is error in the trial of a criminal case for the court to admit testimony as to declarations between an officer who had accused under arrest and the state's witnesses, or other persons, in the presence of the accused, tending to connect him with the offense charged, and that the accused remained silent as to such conversation; and, when a conviction results with such testimony before the jury, a new trial should be granted."

This decision has been followed in many other cases since that date. See Ellis v. State, 8 Okla. Cr. 522, 128 P. 1095, 43 L. R. A., N. S., 811; Towery v. State, 13 Okla. Cr. 216, 163 P. 331, L.R.A. 1917D, 491; Ellington v. State, 24 Okla. Cr. 67, 215 P. 964; Patton v. State, 29 Okla. Cr. 66, 232 P. 454.

In Towery v. State, supra, it is stated:

"Where a party charged with the commission of a crime is under arrest, and a third party in his presence

makes a statement to the officers, which tends to connect the accused with the commission of the crime, and the accused remains silent, such statement, and the fact that the accused remained silent is not admissible in evidence against him, for the Constitution clothes the accused with the right of silence, and it would be absurd to say in one breath he has the right of silence, and in the next to hold that he could be forced to testify against himself, by the very act of exercising this right."

In Patton v. State, supra, it is held:

"Declarations of a defendant, made after the offense was committed, in the presence of a codefendant, are admissible against himself, but inadmissible against the other defendant.

"A defendant in custody is not called upon to contradict statements prejudicial to him, made in his presence, and, though they are not contradicted, they are not admissible in evidence."

In the body of the opinion, it is stated:

"The declarations of a coconspirator or accomplice are receivable against his fellows when they accompany and explain acts done in pursuance of a concerted criminal purpose, if made during the pendency of the common criminal enterprise; if made at a subsequent period and merely narrative of past occurrences, they must be rejected. Bohannan v. State, 24 Okla. Cr. 103, 215 P. 1078."

In the instant case there is abundant argument for sustaining an objection of the defendant to the admissibility of the declarations made by his codefendant in his presence, for the reason that the defendant did not remain silent. He very vehemently denied the accusations of his codefendant. It cannot, therefore, be assumed that the statements of the codefendant are receivable in evidence against him as an admission against interest because of his silent acquiescence therein. The record dis-

closes that the codefendant was present in the courtroom at the time of the trial of this defendant, although a severance was granted and the accused were being tried separately. If the state had seen fit they could have used the codefendant as a witness against this defendant and his testimony would have been admissible, but the declarations of the codefendant to an officer, tending to connect the accused with the offense charged, are hearsay as to the accused though admissible against the party who made them.

For the reasons hereinabove stated, the judgment of the district court of Tulsa county is reversed and remanded for further proceedings.

BAREFOOT, J., concurs. DOYLE, J., absent.