## ERNEST GATHER WALKER v. STATE.

No. A-10364.    Feb. 14, 1945.

(156 P. 2d 143.)

E. P. Hughes and Clayton Carder, both of Hobart, for plaintiff in error.

Randell S. Cobb, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and Gerald Watts, Co. Atty., of Hobart, for defendant in error.

BAREFOOT, P. J.   Defendant, Ernest Gather Walker, was charged in the county court of Kiowa county with

the crime of driving a motor vehicle while under the influence of intoxicating liquor, was tried, convicted and sentenced to pay a fine of $150 and the costs, and has appealed.

Defendant presents two assignments of error:

"I.    The court committed prejudicial error in admitting in evidence the unsworn declaration of Dr. J. L. Adams.

"II.    The court abused its discretion in overruling the application of the defendant for a continuance."

From the view we take of this case, it is only necessary to consider the first assignment of error.

The record reveals that the defendant, upon being arrested by the officers, was taken to the county jail. When he reached there, he requested that a physician be called to examine him and Dr. J. L. Adams, the county physician, was called.   This physician had died prior to the date of the trial.

Patrol officer Archie L. Bird testified as follows:

"Q. Was the defendant examined in your presence by the Doctor?   A. Yes, sir.   Q. At whose request was that examination made?   A. I don't remember now at whose request it was.   Q. What doctor was that?   A. It was Doctor Adams, the one that has died recently.   Q. After the examination by the Doctor, were you present when he stated what was wrong with him, if anything?   (Upon objection by defendant, question is withdrawn.)   Q. Was the defendant present when the Doctor announced his verdict after the examination?   A. Yes, sir, he was in the room.   Q. What was the—what did the Doctor say after the examination?   Counsel for Defendant: Object to as not the best evidence.   The Court: Overruled.  Counsel for defendant: Exception.   A. Well, the Doctor stated that he was drunk.   Counsel for Defendant: Objected to as incompetent, irrelevant and immaterial as to what the

Doctor said, as being hearsay. The Court: Overruled. Defendant: Exception. Q. That statement was made in the defendant's presence? A. Yes, sir."

Sheriff W. P. Dugan testified:

"Q. Was his conversation coherent? A. Well, he talked quite a bit, said he wasn't drunk, and demanded a doctor. That is, he requested one. Q. Was the defendant present when the doctor stated the result of his examination? A. He was. Q. What did the Doctor state? Counsel for Defendant: To which we object for the reason that the evidence is hearsay and in violation of the constitutional rights of the defendant. The Court: Overruled. Defendant: Exception. A. The Doctor said—I asked the Doctor what about it. Counsel for Defendant: Who asked the Doctor? A. I asked the Doctor about it. Counsel for Defendant: Objected to as incompetent irrelevant and immaterial. The Court: Overruled. Counsel for Defendant: Exception. A. The Doctor said, Hell, he was drunk as far as he was concerned. Counsel for Defendant: Press, didn't he say this—didn't Doctor Adams say that if a fellow had had a bottle of beer he was drunk so far as he was concerned? A. No. I don't remember him saying that. Q. You say that Ernest asked for a Doctor, but didn't ask for this particular one? A. Just insisted that we get a doctor. Q. But this doctor was the county doctor? A. Yes, he was the county doctor. Counsel for Defendant: Comes now the defendant and moves the court to strike all the evidence as to the statement of Dr. J. L. Adams for the reason that the same is incompetent, irrelevant and immaterial, and in violation of the constitutional rights of the defendant to be confronted in the courtroom by the witnesses used against him, and that by indirection the testimony of this witness had been given to the jury because of statements he is alleged to have made. The Court: Overruled. Defendant: Exception.'"

To support the contention that this evidence was inadmissible, counsel for the defendant cites in his brief the case of Saunders v. State, 33 Okla. Cr. 336, 244 P. 55, and

calls attention to the cases therein cited. We have examined this case, and the other cases from this court, and find that the contention of the defendant has been sustained in a number of cases.

In the Saunders Case, supra, the court said:

"It is further urged that the trial court erred in admitting testimony of accusations made by an officer to the defendant after his arrest, which he did not answer. It is well settled that an accused in custody has a right to remain silent, and this silence may not be used as evidence against him as a tacit admission of guilt. An accused does not have to deny an accusation made to him or contradict a statement made in his presence, and in such case the statement or accusation and his silence are not admissible against him. Ellis v. State, 8 Okla. Cr. 522, 128 P. 1095, 43 L. R. A., N. S., 811; Vaughan v. State, 7 Okla. Cr. 685, 127 P. 264, 42 L. R. A., N. S., 889; Towery v. State, 13 Okla. Cr. 216, 163 P. 331, L. R. A., 1917D, 491; Ellington v. State, 24 Okla. Cr. 67, 215 P. 964; Patton v. State, 29 Okla. Cr. 66, 232 P. 454; Mackey v. State, 30 Okla. Cr. 31, 234 P. 782."

See, also, Yep v. United States, 10 Cir., 83 F. 2d 41.

The evidence in the instant case, as to whether or not defendant was under the influence of intoxicating liquor at the time of his arrest, is about equiponderant. Three witnesses testified that the defendant was under the influence of intoxicating liquor, and three witnesses testified that he was not.

The Attorney General, in his brief on behalf of the state, contends that by reason of the fact that the defendant himself had the doctor called, he would be bound by the statements made by the doctor, and could not raise the question of the inadmissibility of this evidence. We do not think this contention can be sustained. The statement quoted to have been made by the doctor, who was

deceased at the time of the trial, may have been the deciding factor in causing the jury to find this defendant guilty, and we are of the opinion that this testimony was inadmissible, in view of the authorities above cited. No authority is cited by the state to sustain its contention.

It is unnecessary to discuss the other error complained of in this case.

For the reasons above stated, the judgment and sentence of the county court of Kiowa county is reversed and remanded.

JONES, J., concurs. DOYLE, J., not participating.