## BEN H. RHEUARK v. STATE.

No. A-10421.   June 20, 1945.

(160 P. 2d 413.)

Harold McArthur, of Tulsa, for plaintiff in error.

Randell S. Cobb, Atty, Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, Ben H. Rheuark, was charged in the court of common pleas of Tulsa county with the offense of driving an automobile upon the public highway while under the influence of intoxicating liquor; was tried, convicted, and, pursuant to the verdict of the jury, was sentenced to serve 120 days in the county jail, and pay a fine of $250 and costs, and has appealed.

No question as to the sufficiency of the evidence having been raised, it is only necessary to give a short statement of the facts in order to correctly determine the proposition of law herein presented.

The defendant, about 3 o'clock p.m., on December 10, 1942, was driving a Terraplane automobile on the streets of the city of Tulsa.  A young man was making some repairs to his truck, which he had stopped near the curb, when the defendant drove his automobile so close to the young man that he was knocked under the truck, but was not injured.  The defendant was driving about 25 miles per hour. He was stopped about a block away. The policeman who arrested the defendant stated that he was drunk. No evidence was introduced on behalf of the defendant.

The only proposition presented in the brief filed herein on behalf of the defendant is that the argument of the assistant county attorney to the jury was vicious, was outside of the record, and was so grossly improper as to deprive the defendant of a fair and impartial trial.

All of the arguments both for the state and for defendant are reported in the record in full.  The particular argument complained of was repeated statements by the

prosecutor wherein he said, "I say to you that he is guilty." On another occasion, the prosecutor stated:

"Now, if you do not give him a year's time, I say to you very frankly that you will regret it. You will regret that you did not give him the limit. Every last one of you will regret it for a long time if you do not give Ben H. Rheuark the limit in this case."

Objection was also interposed to actions of the prosecutor in his closing argument in turning to the defendant and asking him certain questions. One of these questions is as follows:

"Ben H. Rheuark was driving this car on Peoria street and this car was on East Pine, and he hit Leroy Simms and did not stop. You didn't know that, did you? Mr. Rheuark: No, sir."

At the close of his argument, the prosecutor once again told the jury that they would regret it if they did not give defendant the limit. He then stated, "that would be right and you know it, and Ben H. Rheuark knows that, too, don't you, Ben? Mr. Rheuark: No, I do not."

The record discloses that the prosecuting attorney several times stated to the jury, "That man is guilty and you will later regret it if you do not give him the limit."

In each of the instances complained of by counsel for defendant, the record discloses that proper objections were made at the time the argument was presented and the objections were overruled with exceptions saved by counsel for defendant.

In Hill v. State, 76 Okla. Cr. 371, 137 P. 2d 261, 262, it is stated:

"A prosecuting attorney should confine his argument before the jury to a fair discussion of the issues in the case, and improper remarks objected to at the time will be considered and construed in reference to the evidence. If it appears that the improper argument may have determined the verdict, the judgment will be reversed.

"It is improper for prosecuting attorney to state his personal opinion as to the defendant's guilt, or state facts not proved by evidence."

See, also, Childs v. State, 13 Okla. Cr. 461, 165 P. 622; Cline v. State, 57 Okla. Cr. 206, 47 P. 2d 191.

It is evident that the argument herein complained of was highly improper. It was an effort upon the part of the prosecutor to impress the jury that there was more behind the prosecution than was shown by the evidence, but that they could rely upon his personal opinion of defendant's guilt and that he should receive the limit.

It is insisted by counsel for defendant that the argument complained of is so serious and such a deprivation of defendant's rights that the case should be reversed and remanded for a new trial. With this contention, we do not agree. We do find that the argument was improper and, because of its impropriety, it had the effect of the jury's assessing more punishment than they probably would have assessed if the improper argument had not been made. When it is considered that the guilt of the defendant is apparent and no evidence is offered in his behalf, we think the ends of justice would be met by modifying the judgment imposed upon defendant by eliminating the jail sentence.

It is, therefore, ordered that the judgment and sentence of the court of common pleas of Tulsa county be modified by reducing the judgment and sentence from 120 days in the county jail and a $250 fine to a $250 fine and all costs of the prosecution, and the judgment and sentence of the court of common pleas of Tulsa county as thus modified is affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.