## FITZGERALD v. STATE.

No. A-11181.   June 21, 1950.

(219 P. 2d 1024.)

438

Percy Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, P. J. The defendant was convicted in the county court of Kiowa county by verdict of a jury of the offense of driving a motor vehicle while under the influence of intoxicating liquor, and pursuant to the verdict of the jury was sentenced to serve 90 days in the county jail and pay a fine of $250.

Three highway patrolmen testified for the state and their testimony, in substance, was that they had been to a patrol school at Lawton; that on April 26, 1948, while they were returning from the school they saw the defendant on U. S. Highway 183 driving south in an automobile about a mile north of the town of Roosevelt; that the defendant was driving his car in the center of the highway; that they turned their car around and pur-

sued the defendant, overtaking him within the city limits of Roosevelt; that the defendant was driving his automobile about 60 miles per hour; that the defendant was intoxicated; was arrested by the patrolmen and lodged in the county jail at Hobart, which was about 15 miles from the place of the arrest. About the only discrepancy in the testimony of the patrolmen was whether the defendant rode to Hobart in his own car or in the patrol car. Trooper Dawson and Trooper Matthews testified that the defendant was arrested and placed in the patrol car and taken to Hobart, while Trooper Mussen testified that the defendant was left in his own car and that Mussen drove it to Hobart.

The defendant denied that he was intoxicated and denied that he had consumed any intoxicating liquor whatsoever. Tom Hood, the jailer to whom the defendant was delivered, testified in behalf of the defendant that the defendant was sober. He stated that he was within ten (10) inches of the defendant's face when the patrolmen delivered defendant to him at the county jail and that he could detect no odor of whisky on him and that there was nothing about the defendant at all that would intimate that he was intoxicated. On cross-examination of the defendant he admitted that he had pleaded guilty to a charge of driving an automobile while under the influence of intoxicating liquor and that at the particular tie he was arrested on the instant charge he did not have a driver's license by reason of the fact that it had been revoked at the time he entered his plea of guilty to the previous charge.

It is contended that the trial court erred in allowing the state to introduce incompetent and immaterial testimony in rebuttal. This assignment of error is directed to the testimony of Patrolman Mussen. This objec-

tion is directed to the admission of the following evidence:

"Q. What is his business? Counsel for defendant: Objected to as incompetent, irrelevant and immaterial; not within the issues of the case. By The Court: Sustained. Q. Do you know what business this defendant is engaged in? Answer that yes or no. A. Yes, sir. Q. What is his business? Counsel for defendant: Objected to as being incompetent, irrelevant, immaterial. By the Court: Overruled. A. Now in Clinton there he has been a bootlegger—bootlegged up there for years. He may have some property, I don't know about that. He is a bootlegger; has been up for it; been raided there in town a number of times. Counsel for defendant: Objected to, not proper rebuttal examination. He isn't charged in this case with violating the prohibitory liquor laws of the state; an improper way to prove a conviction or an arrest, or to prove that he is a bootlegger, if he is one. By the Court: Overruled. Counsel for defendant: Exception. Q. How long, if you know, has this defendant been engaged in such business? Counsel for defendant: Objected to for the same reason. By the Court: Overruled. Counsel for defendant: Exception. A. Well, ever since I have been in Clinton there, Q. How long have you been in Clinton? A. Been in Clinton since 1941. He was gone, I think for a year there or so, along in there. Take 1945 and 1946, as far as around 1946 and 1947 he was going strong."

The defendant has cited a long list of authorities, including many decisions of this court, sustaining his contention that the admission of this evidence was prejudicial to the defendant and prevented him from having a fair trial. The Attorney General has filed no answer brief and under the circumstances we assume that the reason for the failure to file an answer brief is because the state believes that the trial court erred in the admission of such evidence.

For the purpose of affecting his credibility as a witness, defendant may be asked on cross-examination as to whether he has been convicted of crime, and if he denies it, the state in rebuttal may introduce evidence as to such conviction. Abby v. State, 72 Okla. Cr. 208, 114 P. 2d 499, 115 P. 2d 266; Trail v. State, 63 Okla. Cr. 312, 74 P. 2d 1170. But the law does not permit the cross-examination of the defendant as to other separate and distinct transactions or offenses where there is no conviction unless they are in some way connected with the offense for which he stands charged.

It is also established law that the character or reputation of the defendant cannot be impeached or attacked by the state unless he puts his character in issue by introducing evidence of good character. Kirk v. State, 11 Okla. Cr. 203, 145 P. 307; Roberson v. State, 91 Okla. Cr. 217, 218 P. 2d 414. The defendant offered no evidence as to his good character. It was improper for the state to show in rebuttal that he was a bootlegger and "had been going strong" as such bootlegger in 1946, which was two years prior to the alleged commission of this offense.

One other assignment of error deserves comment. The evidence in the case showed that the county attorney was present at the jail when the defendant was brought in by the highway patrolmen. The county attorney did not testify, but in his closing argument to the jury he made the following statement:

"I will never knowingly permit a man to testify falsely in order to obtain a conviction, while I am county attorney, and it has been testified here that I was present in the jail when this man was brought in."

When this remark was made, counsel for the defendant objected to it and moved for a mistrial, which was overruled and exception saved to the defendant.

If the county attorney had wanted to testify as a witness he should have been sworn and thus given the defendant an opportunity to cross-examine him. The statement in effect said that the county attorney was present at the jail when defendant was brought in, and that the defendant was guilty of being intoxicated or he would not have filed the charges against him. It has been held that it was improper for the county attorney to state his personal opinion as to the guilt of the accused or to make any statement in his closing argument outside of the record for the purpose of creating prejudice against the defendant. In Childs v. State, 13 Okla. Cr. 461, 165 P. 622, this court held:

"A prosecuting attorney should confine his argument before the jury to a fair discussion of the issues in the case, and improper remarks objected to at the time will be considered and construed in reference to the evidence. If it appears that the improper argument may have determined the verdict, a new trial should be granted.

"In his argument to the jury, the assistant county attorney said, 'The county attorney of this county knew this defendant was guilty before he filed this information, or this case would never have been brought.' Evidence considered, and held, that such statement was prejudicial to the substantial rights of the defendant, for which a new trial should be granted."

In the body of the opinion it is stated:

"The statement was, under the circumstances, highly improper and well calculated to bolster up the unsatisfactory testimony of the witnesses for the state. If, as his assistant stated, the county attorney knew that the defendant was guilty, he should have been called as a witness so that the defendant could have the benefit of confrontation and cross-examination. A prosecuting attorney should confine his argument before the jury to a fair discussion of the issues in the case, and improper remarks objected to at the time will be considered and

construed in reference to the evidence. If it appears that the improper argument may have determined the verdict, a new trial should be granted. Watson v. State, 7 Okla. Cr. 590, 124 P. 1101; Mulkey v. State, 5 Okla. Cr. 75, 113 P. [532], 533."

In Hill v. State, 76 Okla. Cr. 371, 137 P. 2d 261, 263, it is stated:

"It is improper for prosecuting attorney to state his personal opinion as to the defendant's guilt, or state facts not proved by evidence."

See, also, Rheuark v. State, 81 Okla. Cr. 60, 160 P. 2d 413. See, also, Glasgow v. State, 88 Okla. Cr. 279, 202 P. 2d 999.

Although the state made out a strong case of guilt against the accused, there was substantial evidence not only from the defendant but from the county jailer, that the defendant was not under the influence of intoxicating liquor. It appears to us that the errors complained of are of such a substantial nature that this court is forced to conclude that it probably affected the deliberations of the jury. Under such a situation, it is our opinion that the judgment and sentence of the county court of Kiowa county should be reversed and the cause remanded for a new trial.

It is so ordered.

BRETT and POWELL, JJ., concur.