Pearmon J. GOSSETT, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-13152.

Court of Criminal Appeals of Oklahoma.

June 27, 1962.

Valdhe F. Pitman, Malcolm Baucum, Oklahoma City, W. B. Ward, Jr., Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by Pearmon J. Gossett as defendant below and plaintiff in error herein. The defendant Gossett was charged

by information in the district court of Pontotoc County, Oklahoma, with the crime of burglary in the second degree, allegedly committed in Allen, Oklahoma on January 9, 1961 by breaking and entering, in the night-time, Leon Kidwell's Variety Store, located in Allen. It appears the burglary netted in cash $3.20.

It further appears that the entry was accomplished by the burglar entering through a skylight, by first removing the screen therefrom and letting himself down into the store by means of rope.

The defendant was tried by a jury and convicted, but the jury being unable to agree upon punishment, left that to the court, who sentenced defendant to five years in the penitentiary, and entered judgment and sentence accordingly. From that judgment and sentence this appeal has been perfected.

The defendant's first contention is that the county attorney committed reversible error in his closing argument to the jury.

The record discloses that this contention is based upon three premises.

It appears that a spoonful of dirt was recovered from a one-by-four underneath the skylight by Mr. Gay, highway patrolman, and placed by him in an envelope, which was turned over to the state chemist, Mr. Day. Mr. Day testified that there was not a spoonful of the dirt, but only about two pinheads of dirt, leaving the inference that someone may have tampered with the envelope. This mud, or dirt, was for the purpose of comparison with mud scraped from defendant's shoes, after his arrest and incarceration.

The county attorney said, in his argument:

"I, personally was over there—I personally supervised the gathering of that mud, and I will have to say that Mr. Gay is in error—there wasn't a spoonful of it, but there was plenty to serve the purpose for which we needed the mud."

Counsel for defendant urges that the county attorney was testifying concerning a material matter, without being sworn as a witness, not only for the purpose of corroboration of his principal witness, but for clarification and correction.

Further on in his argument the county attorney said:

"* * * [A]nd there is our evidence that we got off of the screen wire—just a little piece of red cotton. It matches perfectly with this red cotton 'T' shirt that came off of the defendant. I know that it came off of the defendant—I was up there when it came off, in the jail, and, the soles the same way."

This piece of cotton thread was supposed to have come off of a red cotton "T" shirt worn by the defendant as an undershirt, which was removed from him at the jail. There is no evidence to show that he wore it as an outer garment.

Defendant urges that the county attorney was testifying without being sworn, by letting the jury know he was present when the shirt was taken from the defendant, thereby bolstering the position of the state with the confidence that the county attorney was there and it was bound to be true and in every respect substantiated.

Next the defendant complains the county attorney committed reversible error in the following argument:

"We are not here to persecute anybody, but we endeavor to prosecute to the fullest extent of our ability. As a matter of fact, it is just as much our responsibility—and I feel a greater moral responsibility to protect the rights of the defendant than I do to prosecute him. If I don't feel that he is guilty, then certainly, I couldn't anticipate prosecuting him—not at all.
* * *"

In connection with this proposition, the state contends that the defendant interposed no objection and did not request the trial judge to exclude the remarks and admonish the jury not to consider them for any purpose, save as to the third or latter argu-

ment complained of where defendant did object and move for a mistrial, which was denied.

■ This court has repeatedly held that ordinarily objections to such procedure by the prosecutor must be followed by a request for exclusion of the remarks from the jury's consideration, unless the remarks were of such a character that the error could not be cured by the withdrawal of the remarks. Disheroon v. State, Okl.Cr., 357 P.2d 236.

Nevertheless, in a weak case the rule last referred to may not control if it appears that the error complained of may have been the controlling weight that tipped the scales adversely to the defendant. If it appears that unfair tactics and not the evidence standing alone, may have resulted in the conviction, we cannot hold that a fair and impartial trial has been accorded the defendant.

■ In Carter v. State, Okl.Cr., 292 P. 2d 435, this court, concerning statements of a county attorney's effort to throw the weight of his pretrial determinations against the defendant, said:

"Finally, the defendant complains that the county attorney insisted on telling the jury that if his office had not been certain of the defendant's guilt, the information would not have been filed. Expressions of the county attorney designed to create the impression that the county attorney would not have instituted the prosecution had he not been convinced of the defendant's guilt should be avoided. Such expressions should not be used to influence the jurors, either to supply the lack of evidence or to make greater the weight of the evidence. Watson v. State, 7 Okl.Cr. 590, 124 P. 1101."

See also Childs v. State, 13 Okl.Cr. 461, 165 P. 622.

In Fitzgerald v. State, 91 Okl.Cr. 437, 219 P.2d 1024, this court said:

"The evidence in the case showed that the county attorney was present at the jail when the defendant was brought in by the highway patrolmen. The county attorney did not testify, but in his closing argument to the jury he made the following statement:

" 'I will never knowingly permit a man to testify falsely in order to obtain a conviction, while I am County Attorney, and it has been testified here that I was present in the Jail when this man was brought in,'

"When this remark was made, counsel for the defendant objected to it and moved for a mistrial, which was overruled and exception saved to the defendant.

"If the county attorney had wanted to testify as a witness he should have been sworn and thus given the defendant an opportunity to cross-examine him. The statement in effect said that the county attorney was present at the jail when defendant was brought in, and that the defendant was guilty of being intoxicated or he would not have filed the charges against him. It has been held that it was improper for the county attorney to state his personal opinion as to the guilt of the accused or to make any statement in his closing argument outside of the record for the purpose of creating prejudice against the defendant. In Childs v. State, 13 Okl.Cr. 461, 165 P. 622 this court held:

■ " 'A prosecuting attorney should confine his argument before the jury to a fair discussion of the issues in the case, and improper remarks objected to at the time will be considered and construed in reference to the evidence. If it appears that the improper argument may have determined the verdict, a new trial should be granted.

" 'In his argument to the jury, the assistant county attorney said, "The county attorney of this county knew this defendant was guilty before he filed this information, or this case would never have been brought." Evi-

dence considered, and held, that such statement was prejudicial to the substantial rights of the defendant, for which a new trial should be granted.'

"In the body of the opinion it is stated:

" 'The statement was, under the circumstances, highly improper and well calculated to bolster up the unsatisfactory testimony of the witnesses for the state. If, as his assistant stated, the county attorney knew that the defendant was guilty, he should have been called as a witness so that the defendant could have the benefit of confrontation and cross-examination. A prosecuting attorney should confine his argument before the jury to a fair discussion of the issues in the case, and improper remarks objected to at the time will be considered and construed in reference to the evidence. If it appears that the improper argument may have determined the verdict, a new trial should be granted. Watson v. State, 7 Okl.Cr. 590, 124 P. 1101; Mulkey v. State, 5 Okl.Cr. 75, 113 P. [532], 533.'

"In Hill v. State, 76 Okl.Cr. 371, 137 P.2d 261, 263, it is stated:

" 'It is improper for prosecuting attorney to state his personal opinion as to the defendant's guilt, or state facts not proved by evidence.'

"See also Rheuark v. State, 81 Okl. Cr. 60, 160 P.2d 413. See also Glasgow v. State, [88] Okl.Cr.App. [279], 202 P.2d 999."

It is thus apparent that the county attorney exceeded the bounds of propriety in his remarks.

To the same effect is Massey v. State, Okl.Cr., 279 P.2d 383. However, in that case objections were interposed.

■ But it has been held that even in the absence of such objections, the case may be reversed for such conduct. People v. Podwys, 6 Cal.App.2d 71, 44 P.2d 377, particularly in close cases. 50 A.L.R.2d 784,

note 2. At least it may constitute grounds for reversal or modification. Rheuark v. State, 81 Okl.Cr. 60, 160 P.2d 413. Whether a reversal is warranted depends on the weakness of the case or the closeness of the evidence. It is fundamental that the county attorney has no right in the area of argument to supply the lack of evidence or make greater the weight of the evidence in any case. Watson v. State, 7 Okl.Cr. 590, 124 P. 1101; Cox v. Territory, 2 Okl.Cr. 668, 104 P. 378.

The second proposition is that the county attorney made the following observations in his opening statement:

"We will then prove that Mr. Pearmon Gossett, the defendant, and Alvin Keith Lott, spent the night—that particular night, they were on foot and they approached a farmer's house and asked him for a ride. This farmer lives near the town of Allen. They asked him for a ride in to town. And he couldn't give them a ride right then, but the next morning he did bring them in to Ada."

The state contends this matter was not presented in the motion for new trial or the petition in error, with which we can not agree. The statement falls within the allegation of both the motion for new trial and petition in error, paragraph 10, "Misconduct of the county attorney prejudicing the defendant's rights".

■ The car seen by the night watchman and deputy sheriff coming out of the alley in Allen, in the vicinity of the burglary, did not contain the defendant, nor was he in the car when the men positively connected with the crime were apprehended in the car. The defendant in this appeal was arrested on the street in Ada, Oklahoma, the following day. The state asserts no objection was made to the statement when made. We are of the opinion that objection would not have been proper at the time it was made, because it was presumed proof thereof would follow, and if true it would have constituted an admissible circumstance against the defendant. In

the absence of proof, it was highly prejudicial to the defendant.

In Hilyard v. State, 90 Okl.Cr. 435, 449, 214 P.2d 953, 960, 28 A.L.R.2d 961, in the body of the opinion the court said:

"Yet, the mentioning of such fact by the county attorney in his argument to to the jury tended, no doubt, to emphasize that the wife had vital information not favorable to her husband that she was withholding, and this may have tended to cause the jurors to take for granted as true the matters enumerated by the county attorney in his opening statement above set out, together with the inferences to be drawn therefrom, and to support which he offered no evidence. And by reason of the fact that the evidence relied on for conviction was entirely circumstantial, and though there were sufficient circumstances shown by the evidence to support the verdict of the jury and judgment rendered, nevertheless, the statements heretofore quoted and made by the county attorney in his opening statement, were such that he knew he could not prove, and it is our opinion from a study of the entire record that such statements, unsupported by evidence, were, under the facts in this case, clearly prejudicial."

This language is particularly applicable herein. The conduct of the county attorney in this regard constitutes another link in a chain of improprieties going to affect a conviction contrary to the defendant's right to a fair trial.

The defendant further contends that the county attorney did not rest his case with the foregoing erroneous assertions, unsupported by proof. In his closing argument he compounded the erroneous conduct by saying:

"Pearmon and Alvin Keith Lott were left afoot there in the town of Allen. Well, they beat it out of the alley when they went out at the north end and they dropped that tire tool. Now, this is the theory of the State—we didn't offer any proof, but this is our theory. That they went out the north end of the alley and that they dropped that tire tool behind the city hall and went on out to the main road and walked down to a farmer's house, trying to get a ride, and that they put up for the night. And on the next day they were here in Ada, headed west on Main Street."

The fact the county attorney followed the unsupported statement made in opening the case by arguing such unsupported matter as though it was factually established, creates a clear impression of bad faith which was manifestly prejudicial to the defendant. When such is the case, justice may require an adverse holding to the state's case. Hilyard v. State, supra.

The defendant's third proposition is wholly without merit. He complains of the testimony of Mr. Day, the chemist. Mr. Day testified that he made no test of the red thread and could not make such a test. He then testified it was the same hue as the defendant's red undershirt. There was no objection to the answer or motion to strike the same from the jury's consideration. It was apparent the chemist was not testifying as an expert in making the statement. His reply required no expert skill, as to that matter. The testimony was either obviously true or false, within the knowledge of non-experts, and tended to solve nothing for the jury. An expert is confined, in his answers, to questions requiring special skill or expert knowledge. Byers v. Territory, 1 Okl.Cr. 677, 100 P. 261, 103 P. 532; Toms v. State, 95 Okl.Cr. 60, 239 P.2d 812.

In Byers v. Territory, supra, it was held:

" * * * To render the admission of such expert testimony reversible error, it must tend to solve or to determine some issue in the case adversely to the accused, and if it be clear that its admission did not do so, or in some manner injuriously affected the accused, this court will not reverse the judgment of the court below because of its admission."

The effect of the chemist's statement, "the thread was of the same hue", was, in our opinion, so negligible as to be highly inconsequential. Certainly it was not prejudicial to the defendant, since that which was evident to the jury could not have influenced them just because the chemist said so.

Fourth, the defendant urges it was error to permit Lyle E. Powell, agent for the Oklahoma State Bureau of Investigation, to testify as follows:

"I asked him [defendant], then, what information he had to furnish about the investigation of the events at Allen, and he advised me at that time that his attorney and bondsman, Mr. Valdhe Pitman of Oklahoma City, and that he would not make any further statement until he was able to contact his attorney."

The inference sought to be created was to leave the impression that the defendant's failure to positively assert he had no information about the Allen events (or burglary) created an inference of guilt, and was prejudicial to the defendant.

The only way this defendant was ever placed in the vicinity of Allen was by Officer Powell's testimony. It appears from the record that the defendant was supposed to have told this officer he had driven up from Calvin with his brother Mickey, and their car had broken down and that he spent the night at a farmer's home near Allen.

Proper objection was interposed, and a motion to strike was also made, but the trial court overruled the objection,

In McGrew v. State, Okl.Cr., 293 P.2d 381, 386, quoting from Vaughan v. State, 7 Okl.Cr. 685, 127 P. 264, 42 L.R.A.,N.S., 889, this court said:

" 'It is error in the trial of a criminal case for the court to admit testimony as to declarations between an officer who had accused under arrest and the state's witnesses, or other persons, in the presence of the accused, tending to connect him with the offense charged, and that the accused remained silent as to such conversation; and, when a conviction results with such testimony before the jury, a new trial should be granted.'

"This court has consistently adhered to that decision in many other cases. Ellis v. State, 8 Okl.Cr. 522, 128 P. 1095, 43 L.R.A.,N.S., 811; Towery v. State, 13 Okl.Cr. 216, 163 P. 331, L.R.A. 1917D, 491; Ellington v. State, 24 Okl. Cr. 67, 215 P. 964; Patton v. State, 29 Okl.Cr. 66, 232 P. 454; Roy v. State, 77 Okl.Cr. 405, 142 P.2d 139; Walker v. State, 80 Okl.Cr. 21, 156 P.2d 143; Crabb v. State, 86 Okl.Cr. 323, 192 P.2d 1018."

In Walker v. State, 80 Okl.Cr. 21, 156 P.2d 143, and again in Crabb v. State, 86 Okl.Cr. 323, 192 P.2d 1018, this court said:

"Where a party charged with the commission of a crime is under arrest, and a third party in his presence makes a statement to the officers which tends to connect the accused with the commission of the crime, and the accused remains silent, such statement, and the fact that the accused remained silent, is not admissible in evidence against him, for the Constitution clothes the accused with the right of silence, and it would be absurd to say in one breath he has the right of silence, and in the next to hold that he could be forced to testify against himself by the very act of exercising his right."

In Mackey v. State, 30 Okl.Cr. 31, 234 P. 782, it was said:

"The defendant was not bound, while under arrest and there being interrogated, to answer one way or another, and evidence of his refusal to answer was prejudicial and should not have been admitted. Ellington v. State, [24] Okl.Cr.App. [67], 215 P. 964; Vaughan v. State, 7 Okl.Cr. 685, 127 P. 264, 42

L.R.A. (N.S.) 889; Ellis v. State, 8 Okl.Cr. 522, 128 P. 1095, 43 L.R.A. (N.S.) 811."

The foregoing rules are in line with Commonwealth v. Sazama, 339 Mass. 154, 158 N.E.2d 313, holding as follows:

"Refusal to talk in absence of counsel, or upon the advice of counsel, is neither a complete denial of a statement made in an accused's presence nor absolute silence, and it is not an admission or adoption of the statement but is an attempt to assert a constitutional right which negates any inference of an admission, and such assertions by an accused during police interrogation are not competent testimony against accused in a subsequent criminal prosecution. M.G.L.A.Const. pt. 1, art. 12." (Citing numerous authorities in support thereof.)

 This question has been sustained in keeping with the defendant's contention. In People v. Parks, 151 Cal.App.2d 537, 311 P.2d 874, the rule was stated:

"Where defendant stated, at pre-trial interview, that he did not want to talk about anything until he talked to an attorney, evidence, as to his failure to answer question during such interview, should not have been admitted, in subsequent criminal prosecution, even if question could be considered in nature of accusatory statement which it would ordinarily have been incumbent upon him to deny.

"Defendant had right to refuse, on grounds of possible self-incrimination, to answer questions propounded by district attorney at pre-trial interview, and no unfavorable inference could be drawn, in subsequent criminal prosecution, from his failure to respond."

This attempt to infer guilt in the manner and by the evidence of agent Powell was error, and should have been excluded upon the objection made.

The defendant's fifth proposition alleges that the evidence was insufficient and that the trial court erred in not sustaining the defendant's demurrer thereto.

It is not necessary to discuss this proposition in detail. The evidence is purely circumstantial, surmising the defendant was in the vicinity of the crime, with three other men, having been seen in Ada about 10:30 p. m. January 9, 1961. Later that night the same or a similar Pontiac automobile was seen in Allen by the city marshal about 11:10 p. m. And, at 11:20 or 11:25 p. m. the officers answered a burglar call and saw the Pontiac slowly coming out of the dark alley. Near the building occupied by Kidwell's store that had been burglarized. The marshal fired at the car three times, shooting out a tire, disabling it. The car was later found near Allen. Defendant was not in the car, but his three Ada companions were in it.

· The Kidwell store had been entered by breaking through the skylight wire mesh, where a quantity of mud had been scraped from someone's shoes. A small sum of money had been taken from the store. Entrance to the store had been affected, it was thought, by a tire tool found a short distance from the Kidwell store. It, or one like it, had been missed at the filling station in Ada after the four men drove away from the station. The operator of the station could not positively identify the tool as his tire tool, he said it looked like it. The next day Gossett and one of his associates in the car the night before in Ada were arrested as they were walking on the street in Ada.

The defendant Gossett was wearing an undershirt with red threads in it, and a small red thread was found on the wire mesh over the skylight. The records show it was of the same hue as that in the defendant Gossett's undershirt. The defendant's shoes were examined and the mud on his shoes was chemically the same as that found on the skylight.

These are the only circumstances tending to connect this defendant with the crime, and the fact that he was in the vicinity of the crime and could have committed it.

■ It has been held that opportunity is not sufficient to sustain a conviction. No man should be convicted of a crime upon mere suspicion, or because he may have had an opportunity to commit it, and where circumstances are relied on for conviction, they ought to be of such a character as to negate every reasonable hypothesis except that of guilt. Stump v. State, 66 Okl.Cr. 391, 92 P.2d 616; Nash v. State, 94 Okl.Cr. 213, 233 P.2d 322.

This evidence creates a strong suspicion of guilt, and when viewed in the light of proof beyond a reasonable doubt the case is a close one. It is altogether possible that had it not been for the unfair tactics of the prosecution, the defendant might have been acquitted.

■ Because this is a close case, wholly formed on circumstantial evidence, we are inclined to the belief that a conviction might not have resulted had the county attorney confined himself to the proof offered in the case, and had he not resorted to the unfair tactics set forth in the record herein.

The judgment and sentence is reversed and the case remanded for a new trial consistent with the principles herein announced.

NIX, P. J., and BUSSEY, J., concur.