279 So.2d 143

**Hayward B. COX, alias**

v.

**STATE.**

**3 Div. 168.**

Court of Criminal Appeals of Alabama.

May 29, 1973.

340

Elno A. Smith, Jr., Montgomery, for appellant.

William J. Baxley, Atty. Gen., Montgomery and Samuel L. Adams, Sp. Asst. Atty. Gen., Dothan, for appellee.

CATES, Presiding Judge.

Robbery: sentence, ten years, the minimum allowable under Code 1940, T. 14, § 415. Before Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, robbery was punishable by electrocution or imprisonment at the discretion of the jury. Cox defended on alibi.

In death cases this court has a standard of review stricter than that for other criminal convictions. Compare § 10, Act No. 249, June 24, 1943 with Code 1940, T. 15, § 389.

In Alberson v. State, 254 Ala. 87, 47 So. 2d 182, it was pointed out that under § 10, supra, the appellate court may reverse because of the admission in the trial court of seriously prejudicial testimony. Moreover, the statute (§ 10, supra) expressly does away with counsel's having to object to illegal questions.

Thus, the trial judge in a capital case is under an implied duty derived from § 10, supra, to rule out illegal questions and to excise illegal testimony ex mero

motu. This because he has no prescience as to the verdict. Once the penalty of death is out of the case, the appellate court ignores the stricter standard and reverts to the review accorded by § 389, supra. Echols v. State, 47 Ala.App. 23, 249 So.2d 639.

We are not advised whether this case was tried with a waiver [1] of the death penalty or not. Certainly, the assistant district attorney abundantly indulged in illegal questions. Just as certainly defense counsel failed to object to egregiously erroneous questions.

Thus, it was asked in cross examination of appellant if he had been convicted by a court martial of AWOL. The question was answered in the affirmative before defense counsel objected. The court, under § 10, supra, should have sustained the objection and charged out the answer. Absence without leave (or absence over leave), Art. 86 (10 U.S.C.A. § 886) is purely a breach of military discipline not importing moral turpitude. Hence, its commission is not related to the credibility of a witness under Code 1940, T. 7, § 434. Henderson v. United States, 6 Cir., 202 F.2d 400; United States v. Tomaiolo, 2 Cir., 249 F.2d 683.

However, under Supreme Court Rule 45 we find no reason to reverse the judgment below for this admission of Cox's conviction of AWOL because when the jury brought in its verdict fixing the punishment at imprisonment, § 10, supra, no longer was potentially operative.

Accordingly, we have reviewed the entire record under § 389. The only points argued are discrepancies in identification of the defendant by three State witnesses and a claim of bias of the judge against defense counsel.

As to identification, we note that appellant at a police line-up was attended by

counsel. The discrepancies were for the jury to resolve.

While we do not altogether commend the court's brusqueness in making defense counsel take an oath as a witness yet the client was the one on trial. Appellant's counsel had not offered himself to be sworn, instead began questioning himself without formality. The State did not object.

Under Code 1940, T. 7, § 363 [2] it was within the judge's judicial discretion as to whether or not he would take the unsworn statement of an officer of his court as evidence. In Re Eakins' Estate, 64 Mont. 84, 208 P. 956; Fitzgerald v. State, 91 Okl.Cr. 437, 219 P.2d 1024; Kettler v. Hampton, Mo., 365 S.W.2d 518.

The judgment below is due to be

Affirmed.

All the Judges concur.

---

1. R. 2 & 3 show a special capital venire.

2. "All testimony, *except as otherwise directed,* must be given in open court on the oath or affirmation of the witness." (Italics added).