Robert Lee Payne, Jr., was indicted for and convicted of the robbery of Ronnie Thomas, the assistant manager of Food World No. 5 in Fairfield, Jefferson County, Alabama.
Thereafter he was sentenced to life imprisonment pursuant to the Alabama Habitual Felony Offender Act.
His motion for a new trial was duly denied.
On September 22, 1980, two gunmen, one armed with a "sawed-off" shotgun and the other with a pistol, entered Food World No. 5 in Fairfield, Alabama, and forced Ronnie Thomas, the acting manager, to give them the cash from the office safe and the cash registers. They escorted Mr. Thomas out of the store and then fled. *Page 287 
This appellant, Robert Payne, was subsequently identified by Mr. Thomas and by Elizabeth Crane, one of the cashiers on duty during the robbery, as the robber with the shotgun.
Thomas first made a positive identification of appellant from a photographic lineup and then made an unequivocal identification of him during the trial. Ms. Crane had made a tentative
identification of the appellant from the photographic line-up, but then made a positive identification in court. (She had also selected two other men during the photographic line-up whose pictures "resembled" the robber in question).
A third eyewitness to the robbery, Walker Fuller, was unable to make a positive identification of the robber with the shotgun, but he did describe what happened. He was instructed several times by the robber with the shotgun to turn his head and not look at him. Consequently, he, Fuller, "never looked closely" at the robber.
On cross-examination Fuller agreed with appellant's counsel that the appellant did not fit his previous descriptions of the robber with the shotgun, and did not look like the gunman as he, Fuller, remembered him. However, on re-direct, Fuller admitted that he could not positively state, "one way or the other", whether or not this appellant was the robber with the shotgun.
Appellant and his father both testified that appellant was at his father's home all day on the day of the robbery. They remembered that day in particular because appellant's father took him to cash his paycheck.
 I
Appellant contends that the trial court erred in submitting this case to the jury because "as a matter of law" the evidence was insufficient to support a conviction. He reasons that the State presented witnesses whose testimonies conflicted as to the identity of the robber with the shotgun. Appellant explains that Fuller, the State's own witness, testified that the appellant was not the robber with the shotgun, and that this directly contradicted Thomas' testimony identifying the appellant.
Appellant's argument fails for several reasons. To begin with, although he indicated several times that appellant did not look like the robber with the shotgun, Fuller finally concluded that he could not say definitely, "one way or the other", whether ornot appellant was the one. (R. 62.)
On the other hand both Thomas and Crane made positive in-court
identifications of this appellant. And, although Crane's previous identification was "tentative", both had identified thisappellant from a photographic line-up.
Secondly, Fuller testified on direct examination that "he never looked closely" at the robber with the shotgun because said robber instructed him several times to turn his head. For this reason Fuller was not used by the State as an identification witness. He was used only to describe what occurred during the robbery, as he remembered it. His ability or inability to identify the robber with the shotgun was pursued by the appellant
on cross-examination.
Any conflicts with reference the identity of the robber with the shotgun were properly reserved for resolution by the jury. The trial court, therefore, did not err in submitting this issue to the jury. Cox v. State, 50 Ala. App. 339, 279 So.2d 143 (1973);Colston v. State, 57 Ala. App. 4, 325 So.2d 520, cert. denied,295 Ala. 398, 325 So.2d 531 (1975); Deloach v. State, 356 So.2d 222
(Ala.Cr.App.), cert. denied, 356 So.2d 230 (Ala. 1978).
 II
Appellant insists that the trial court also erred by failing to sustain his objections to testimony by appellant's father concerning appellant's relationship with Benny Ray Jones. Appellant claims that this testimony, elicited during cross-examination by the State, was totally irrelevant and was highly prejudicial due to Mr. Jones' bad reputation.
Although appellant, arguably, never properly preserved this issue for our review *Page 288 
(because his objections came too late or were not specific), we will address the merits involved.
To begin with, relevancy is a determination resting largely in the sound discretion of the trial court. Bryant v. State,49 Ala. App. 359, 272 So.2d 286, cert. denied, 289 Ala. 740,272 So.2d 297 (Ala.), cert. denied, 412 U.S. 922, 93 S.Ct. 2744,37 L.Ed.2d 149 (1972); Strickland v. State, 348 So.2d 1105
(Ala.Cr.App.), cert. denied, 348 So.2d 1113 (Ala. 1977); Hill v.State, 366 So.2d 296 (Ala.Cr.App. 1978), aff'd, 366 So.2d 318
(Ala. 1979). In this instance the trial court had been alerted to and was aware of possible problems with the relevancy of information concerning Mr. Jones (See R. 158), and made several rulings accordingly. We have reviewed these rulings, and have found no abuse of discretion in this regard.
Benny Ray Jones had been discussed throughout the course of the trial and long before the testimony challenged here.
The appellant had made several attempts to prove that Benny Ray Jones had been identified as one of the robbers (R. 112-127) and the State had tried to prove that Jones' car was the "get-away" car. (R. 34, 126.) The appellant continuously waved Jones' name before the jury (R. 112-127), even after the testimony that he now challenges as being irrelevant and prejudicial. (R. 147, 152.)
The challenged testimony (R. 142-147) given by appellant's father in response to the State's cross-examination questions was basically that Benny Ray Jones was his son-in-law, that Jones and the appellant "got along well", that Jones and the appellant rarely went places together, and that he did not know what kind of car Jones had at the time of the robbery.
The State had apparently pursued this line of questioning in an attempt to connect the appellant, through Jones, to the "getaway" car that witness Thomas had seen at the scene of the crime. (See R. 156-158.) Whatever the State's intentions, we fail to see the harm to appellant from these responses by his father with reference appellant's rare contacts with Jones.
On the other hand, the evidence, which might have prejudiced appellant's case, was injected by the appellant, himself. On redirect, he asked his father if he knew that Jones had spent several years in jail (R. 148) and then appellant testified (R. 151) that Jones had spent at least three years in prison, prior to the robbery.
For these reasons, no error occurred with reference this relevancy issue.
 III
Finally, the trial court did not err in refusing appellant's lengthy written requested jury charge concerning theidentification of this appellant.
The appellant's requested charge (R. II-12) was more detailed than the trial court's oral instructions on the identification
issue (R. 177-178), but the trial court's instructions were adequate.
Moreover, this ten paragraph instruction might have been properly refused because it contained misspelled words, because it had a tendency to mislead or confuse the jury, or because it placed undue emphasis on one aspect of the evidence in the case.Williams v. State, 255 Ala. 229, 51 So.2d 250 (1951); Jackson v.State, 272 Ala. 566, 133 So.2d 210 (1961); Guenther v. State,282 Ala. 620, 213 So.2d 679 (1968), cert. denied, 393 U.S. 1107,89 S.Ct. 916, 21 L.Ed.2d 803 (1969); Hawkins v. State, 53 Ala. App. 89, 297 So.2d 813, cert. denied, 292 Ala. 723, 297 So.2d 817
(1974); Lowe v. State, 54 Ala. App. 280, 307 So.2d 86 (1974);Baldwin v. State, 342 So.2d 940 (Ala.Cr.App. 1977).
Thus, there was no error in refusing this charge.
This record is free of error. This case is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 289